Per Curiam.

The judgment was right. The plaintiff below *430 acted in good faith, under the agreement for the use of t~-ie horse made with Soule, who had him in his possession, and who claim~ ed to be the owner. There is reason to believe, from the nature of the bailment, between the defendant Holt, the true owner, and Soule, that Soule had authority, as the agent of the defendant, to make the agreement with the plaintiff for the use of the horse; and if so, the defendant has sustained no injury. But, at most, the using the horse was merely an irregularity, after a regular distress; and the 10th section of the act concerning distresses, &c. (1 ~M R. L. 436.) protects the plaintiff from being deemed a trespasser ab initio, and makes him liable only for the special injury. The defendant, therefore, had no right to consider the distress as a nullity, and in taking the horse he committed a trespass. The judgment must, therefore, be aflirmed.
Judgment affirmed.