Spencer
v.
M'Gowen.

SPENCER *vs.* M'GOWEN & SHEPARD.

The owner of personal property left in the possession of a third person may,
*by his own act*, re-possess himself of such property, although it be taken
from the possession of such third person, by virtue of a writ of replevin.
The property of a third person upon *demised premises* may be taken under
a distress warrant for rent.

ERROR from the Tompkins common pleas. Spencer sued
M'Gowen and Shepard, in an action of *trespass*, for the tak-
ing of a horse, which had been delivered to him on the third
day of *November*, 1830, as the plaintiff in a *writ of replevin* is-
sued against one Carter. The plaintiff further proved that
the horse in question had been mortgaged with other proper-
ty, by Carter, to one M'Cormick, to secure the payment of a
certain sum of money ; that the mortgage had been assigned
to him, the plaintiff ; that it had become forfeited ; and that
by an award of arbitrators, made in pursuance of a submission
between him and Carter, he had a *lien* upon the horse. The
defence set up on the trial was, that Carter was the *tenant* of
one Bloodgood, and that previous to the issuing of the writ of
replevin, to wit, on the twenty-fifth day of *October*, 1830, the
horse in question was taken, with other property, as a distress
for rent, by M'Gowen, as the bailiff of the landlord. Shepard
was the receiptor of the property, and it was left on the prem-
ises. The horse having subsequently been delivered by the
sheriff to Spencer, by virtue of the writ of replevin, Shepard
took the horse from Spencer's stable, and delivered him to
M'Gowen, who sold him by virtue of the distress warrant.
The jury, under the charge of the court, found a verdict for
the defendants, on which judgment was entered. The plain-
tiff having excepted to the charge of the court, sued out a
writ of error.

*J. A. Collier*, for plaintiff in error.

*C. B. Drake*, for defendants in error.

*By the Court*, SUTHERLAND, J.   It is contended by the plaintiff in error, that under the act in relation to the action of replevin, 2 *R. S.* 525, § 13, &c. the defendants were bound to have demanded a jury from the sheriff to try their title to the horse, before they could summarily regain the possession of him.   The 13th section provides, that if the defendant in the action of replevin, *or any other person who may be in possession of the goods and chattels* specified in the writ, shall claim property therein or in any part thereof, he may give notice to the sheriff thereof, and demand a jury to try his title.   The 14th and 15th sections regulate the mode of proceeding.   The 16th section provides, that if the jury find against the title of the claimant, the sheriff shall forthwith make deliverance to the plaintiff in replevin.   The 17th enacts that if the jury find in favor of the claimant, the sheriff shall not deliver the property to the plaintiff in replevin, unless he will indemnify him to his satisfaction, and refund to the claimant the fees of the sheriff and jury in trying the title.   These provisions are designed rather for the security and benefit of the sheriff, than of the party claiming the property ; for although the jury may find in favor of the title of the claimant, the sheriff may still and perhaps must deliver the property to the plaintiff in replevin, if he will indemnify him.   The person claiming title to the property is not prohibited by these provisions from taking any other course to try or enforce his right, which upon general principles he might have done before this act was passed.

If the property of A. is in the possession of B., and is taken under an execution or a writ of replevin against B., if A. can peaceably obtain the possession of it, and can establish his title, the plaintiff in the execution or replevin cannot maintain trespass against him.   A man is never a trespasser in peaceably obtaining possession of his own property. *Wood* v. *Hyatt*, 3 *Johns. R.* 239. 4 *id.* 150, 313.   The defendants in this case had a special property in the horse, by virtue of the proceedings under the landlord's warrant, when the replevin was served.   The replevin suit was not against them, but against the tenant.

VOL. XIII.                33

The right of the landlord to take the property, and the regularity of all his proceedings, were fully established upon the trial; and admitting that the property belonged to the plaintiff, as between him and the tenant, still, having been found upon the premises, it was liable to be destrained by the landlord for rent.

The court of common pleas decided correctly, and their judgment must be affirmed.