## John Kenny v. Lewis Planer and others.

The complaint averred "the unlawful, forcible, and violent taking away" of the plaintiff's sewing machine, for which damages were demanded. The defendant interposed a general denial, and on the trial of the action, evidence of an unlawful entry without license by the defendant, was admitted : *Held*, error.

A sale and delivery of goods upon a written agreement that the purchaser shall not take title until the payment by him of the purchase price, passes no title until the condition is performed, and the seller, if not guilty of laches, may reclaim the goods even from a third party who has bought them from the purchaser in good faith and without notice. A party may resort to every possible means, short of a breach of the peace, for the recaption of his property.

Appeal by the defendants from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on a verdict.

The complaint in the action alleged, " that on the 18th of December, 1867, at No. 155 Eldridge street, in the city of New York, the defendants unlawfully, forcibly, and violently, took from the possession of the plaintiff, and carried away, a certain sewing machine, the property of the plaintiff, and familiarly known as a Planer and Braunsdorf machine, of the value of $85; and that in consequence thereof the said plaintiff has

suffered damages to the amount of $250." The answer was a general denial.

It appeared on the trial that the defendants, who were the manufacturers of the machine, had sold it to one Moore, receiving therefor $30 in cash, Moore agreeing to pay the balance or $55 in monthly installments, and that in default of the payment of said installments, or in case of the removal of the machine from Moore's house, the defendants could take it, they retaining the ownership until the whole price should have been paid by Moore. Moore sold the machine to the plaintiff for $39, after having failed to pay any of the installments due the defendants therefor, and after demand for the payment thereof had been made, the defendants followed the machine to the plaintiff's house, and removed it, and the plaintiff brought this action for the damage alleged to have accrued by such taking.

The case was tried before a jury, who rendered a verdict for $250, and from the judgment entered thereon, as affirmed by the general term of the Marine Court, the defendants appeal to this court.

The charge of the court below, and the exceptions, are sufficiently set forth in the opinion of the court.

*A. C. Morris*, for appellant.

*John R. Dos Passos*, for respondents.

By the Court.—Barrett, J.—The precise issues involved in this action seem to have been lost sight of upon the trial, and the result was a somewhat confused presentation of the case to the jury. The complaint simply avers the unlawful, forcible, and violent taking and carrying away of a sewing machine, to which the defendants interposed a general denial. The action, however, was tried, and the damages recovered, in part, as for an unlawful entry upon the plaintiff's premises, the rights of the parties with respect to the sewing machine being incidentally considered and undoubtedly forming one of the elements which led to the result. This was of itself erroneous. The

question of an entry upon the plaintiff's premises without license was not within the issues, and should have been excluded from the consideration of the jury. With respect to what was issuable, that is, the alleged unlawful taking and carrying away of the machine, the defendants, even upon the plaintiff's own showing, were in the right, and a verdict in their favor should have been directed. At all events, if the printed record before us be an accurate transcript of the proceedings, as we are bound to assume, the case was not put to the jury in such a manner as to afford them an adequate conception of the rights of the parties, and some of the specific exceptions were, I think, well taken. It seems to have been twice assumed, and justly, that the plaintiff had acquired no title, but that the machine continued to be the property of the defendants. The jury were in fact instructed, in estimating the damages, to banish from their minds the value of the machine, "because," as was remarked, "the machine itself belonged to the defendants;" and again, it was said, "you must carefully exclude the value of the machine, which is under the law the property of the defendants." Yet we subsequently find a refusal to charge that the plaintiff had acquired no title to the machine in question, and previously the following language was used : " If the jury should find from the evidence that before Moore parted with the machine to Kenny, the defendants had neglected to make demands upon Moore, or that the time had passed by, and they consented, after the default had been made, that Moore should hold possession, then as against a *bonâ fide* purchaser of the machine from Moore after that date, these defendants have no redress." This was not only in my judgment erroneous as a distinct proposition, as will be presently considered, but it was entirely inconsistent with those other parts of the charge to which I have adverted. Besides, these inconsistencies must have confused, and may have misled the jury with respect to the right of ownership, and it was of importance that that matter should have been clearly understood from the fact that the assessment of damages was evidently influenced by their view of the right of the case upon that head. As, for instance, the outrage of the de-

fendants, forcibly taking and carrying away the plaintiff's property, would naturally call forth a greater indignation and consequent award of punishment then the outrage of violently taking and carrying away their own. Here the plaintiff paid $39 for the machine, and the award of damages for the alleged trespass was $250. Thus the plaintiff was the gainer by the instruction to disregard the value; and it is fair to assume that if the jury had been told with precision that the defendants were but seeking their own, the damages would scarcely have been so greatly disproportioned to such value. The specific objection to the remarks which I have quoted, was two-fold. The first branch of the proposition treated the demand as an open question of fact. But the demand was proved without dispute, as, indeed, was stated in the following sentence; yet the witnesses' credibility, and as a sequence, the fact testified to was left to be determined by the jury. The witness was neither contradicted nor impeached, and the jury could not capriciously disregard such testimony. If instructed upon the point at all, it should, therefore, have been that the fact of a demand was established. The other branch of the proposition treats the indulgence extended to Moore as in the nature of a waiver of a condition. But the case was very different from that of an ordinary conditional sale, where the vendor's retention of his title is inferred from circumstances. Here there was a distinct contract in writing and under seal, wherein it is covenanted that neither the defendants part with nor does Moore acquire any title to the machine until the price is fully paid, thus in effect providing for the very contingency of such indulgence. The next exception was also well taken. It was to so much of the charge as held that if the defendants or their agents took their property without the assent of the plaintiff or his wife, they were guilty of a trespass. The language is "their" property; that is, the defendants' own. This then goes to the extent of holding that a party has no right to take his property from the possession of one who unlawfully retains it, without the latter's consent. The rule, I take it, permits a party to resort to every possible means for the recaption of his property short of a breach of the peace (*Hyatt* v. *Wood*, 4 Johns. 157; *Spen-*

Kenny v. Planer.

*cer* v. *McGowen*, 13 Wend. 256). A reversal follows. Even were we to overlook the nature of the action as pleaded, and treat the case from the standpoint of the evidence admitted without objection, upon the subject of the alleged unlawful entry, still the judgment could not be upheld. For the verdict was based not only upon the facts thus adduced, but upon those relating to the ownership of the machine and the trespass claimed to have been committed in its removal, upon which latter head the charge was erroneous. The rights of the parties, in case of a new trial, may be briefly pointed out. The defendants, under their contract, retained the title to the machine, and had a perfect right to retake it peaceably, that is, without breaking the peace. Mere rudeness, boisterous language, or cunning, which is all that is charged here, while properly matter in aggravation of damages, where the party in possession is the true owner, would not of themselves amount to a trespass, when used by the rightful owner, seeking his own. But the defendants would have no right to enter the plaintiff's premises, without a license, even to remove their own property (*Blake* v. *Jerome*, 14 Johns. 406; *Newkirk* v. *Sabler*, 9 Barb. 652). The latter is the question, and really the only question upon the facts before us, to be submitted to a jury, and that upon a proper complaint charging such unlawful entry. The judgment should be reversed.

Judgment reversed.