WILLIAM H. HERSEE et al., Appellants, *v.* RODERICK D. PORTER, Respondent.

The provision of the Revised Statutes (1 R. S. 398, § 2) authorizing a tax collector to levy an unpaid tax "by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods or chattels in his possession," refers to actual, physical, and not merely legal or constructive possession, and an actual possession by the consent of the owner, although unaccompanied by any ownership in the possessor, is a possession within the meaning of the statute.

The said provision is not in conflict with the provision of the State Constitution (Art. 1, § 6) declaring that no person shall be deprived of property "without due process of law" and prohibiting the taking of private property "for public use without just compensation."

Accordingly *held*, where personal property which had been mortgaged and which, after default in payment of the debt secured, remained in the possession of the mortgagor, he using it the same as before, was while so in his possession seized and sold by a collector by virtue of a tax warrant duly issued for the collection of a tax against him, that the purchaser acquired a good title.

(Submitted October 12, 1885 ; decided November 24, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1883, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This action was for the alleged conversion of certain personal property.

The material facts are stated in the opinion.

*G. A. Scroggs* for appellants. When the distraint and sale of the property described in the complaint was made the plaintiffs were the absolute owners, and entitled to the immediate actual possession thereof. (Thomas on Mort. 445, 509, 510 ; *Brown* v. *Bennett,* 8 Johns. 96 ; *Ackley* v. *Finch,* 7 Cow. 290 ; *Langdon* v. *Buel,* 9 Wend. 80 ; *Ferguson* v. *Lee,* id. 258 ; *Champlin* v. *Johnson,* 39 Barb. 606; *Spraights* v. *Hawley,* 39 N.Y. 441; *Farrell* v. *Hildreth,* 30 Barb. 178; *Case* v. *Boughton,* 11 Wend. 106; The absolute owner of property is not only entitled to the immediate possession of it, but as such owner he holds constructively the actual possession of it. (*Cary* v. *Hotaling,* 1 Hill, 311 ; *Ash* v. *Putnam,* id. 302 ; 10 Wend. 111 ; 3 N. Y. 506; 11 Johns. 376 ; *Clark* v. *Skinner,* 20 id. 465 ; *Shannon* v. *Shannon,* 1 Schoales & Lefroy, 324 ; *Barrett* v. *Warren,* 3 Hill, 353.) The appellants were also in possession as the bailors of James T. Fulton, Jr., their bailee ; the possession was only that of a mere naked bailee. (*Fuller* v. *Acker,* 1 Hill, 473 ; 2 Blackst. Com. 389 ; Story on Bail., 9, § 4 ; id. 123, § 93, *i.*) The tax debtor's possession of the property was not such a possession as the proper construction of the section of the statute on that subject intends and requires. (1 R. S. [6th ed.] 591, § 7 ; *Stockwell* v. *Veitch,* 38 Barb. 650 ; *Sharp* v. *Speir,* 4 Hill, 76 ; 2 Burr. L. Dic. 349, 811 ; *Thorn* v. *Burling,* 11 Johns. 285 ; *Barrett* v. *Warren,* 3 Hill, 348 ; *Cary* v. *Hotaling,* 1 id. 311 ; *Ash* v. *Putnam,* id. 302 ; *Root* v. *Chandler,* 10 Wend. 111 ; *Ely* v. *Ehle,* 3 N. Y. 506, 507 ; *Farrell* v. *Hildreth,* 38 Barb. 178.) Replevin would lie in such a case. (*Fuller* v. *Acker,* 1 Hill, 473 ; *Ely* v. *Ehle,* 3 Comst. 506 ; *Pangburn* v. *Par-*

*tridge,* 7 Johns. 143; *Thompson* v. *Button,* 14 id. 84; *Clark* v. *Skinner,* 20 id. 465 ; *Denham* v. *Wickoff,* 3 Wend. 280 ; *Root* v. *Chandler,* 10 id. 111.) The appellants were not in privity with Fulton, the tax debtor, in any way in connection with or in relation to the property seized by the tax collector. *Coan* v. *Osgood,* 15 Barb. 588 ; *Clark* v. *Skinner,* 20 Johns. 465 ; 19 Mich. 98 ; 3 N. Y. 506.) The appellants were the absolute owners of the property seized by the tax collector at the time of its seizure, and they were then, as such owners, in the constructive possession of it. (*Dudley* v. *Haley,* 38 N. Y. 403, 406 ; *Stanley* v. *Gaylord,* 1 Cush. 550.) Mere possession does not warrant the presumption of ownership. (*Dudley* v. *Hawley,* 30 Barb. 407 ; *Saltus* v. *Everett,* 20 Wend. 274.) Whilst prevention of the sale is forbidden by replevin or otherwise, the right of the owner of the property to assert and enforce his title to the property sold by other forms of action is not taken away by the statute. (*People* v. *Albany,* 7 Wend. 485 ; *Fuller* v. *Allen,* 7 Abb. 13 ; *Vocht* v. *Reed,* 79 Ill. 491 ; *Ely* v. *Ehie,* 3 N. Y. 509.) The statute is unconstitutional and void. ( *Wallace* v. *Karlenowefski,* 19 Barb. 118 ; *Bloodgood* v. *M. & H. R. R. Co.,* 18 Wend. 9 ; *Taylor* v. *Porter,* 4 Hill, 140 ; Kent's Com. Lect. 20 ; 1 Kent's Com. O. 449 ; 1 R. L. [Kent & Rad. ed.] 547.) It is inconsistent with the letter and spirit of those express provisions of the Constitution. (Const., art. 1, §§ 1, 6 ; *Wynehamer* v. *People,* 13 N. Y. 378, 401, 418, 426 ; 2 Kent, 12 ; *Taylor* v. *Porter,* 4 Hill, 140 ; *Westervelt* v. *Gregg,* 12 N. Y. 202 ; *Wilkinson* v. *Leland,* 2 Pet. 657 ; *Powers* v. *Bergen,* 2 Seld. 358 ; *Stewart* v. *Palmer,* 74 N. Y. 183 ; 2 Kent's Com. 340 ; 53 N. Y. 245 ; *Mulligan* v. *Smith,* 8 Pac. Coast L. J. 499 ; *Grant* v. *Courter,* 24 Barb. 232.) The appellants were not lawfully deprived of their property by a rightful exercise of the power of taxation. (*Matter of Mayor, etc.,* 11 Johns. 77 ; Cooley on Taxation, 32 ; *People* v. *Mayor, etc.,* 4 N. Y. 19 ; *Providence Bk.* v. *Billings,* 4 Pet. 514 ; *McCullock* v. *Maryland,* 4 Wheat. 428 ; *Clark* v. *Rochester,* 14 How. 183 ; *Calder* v. *Bull,* 3 Dall. 386 ; *Fletcher* v. *Peck,* 6 Cranch, 135 ; *Wilkinson* v. *Leland,* 2 Pet.

657 ; *Taylor* v. *Porter*, 4 Hill, 140 ; *Howard* v. *Moot*, 64 N. Y. 262; *Spraights* v. *Hawley*, 39 id. 441; *Dubois* v. *Webster*, 7 Hun, 371.) Taxation without an assessment and notice thereof is a nullity, and all proceedings toward or in collecting a tax of an individual or his property, upon whom there has been no assessment for it and notice of such assessment, is invalid and void for want of jurisdiction. (*Stewart* v. *Palmer*, 74 N. Y. 183 ; Cooley on Taxation, 259, 266;˙ *Philadelphia* v. *Miller*, 49 Penn. St. 440 ; *Overing* v. *Foot*, 65 N. Y. 263 ; *People* v. *Supervisors*, 70 id. 228 ; 74 id. 183, 191, 193 ; *State* v. *Demorest*, 32 N. J. 528 ; *Litchfield* v. *Vernon*, 41 id. 123 ; 4 Comst. 424; 74 N. Y. 189.) The right of eminent domain is subject to the constitutional restriction — "nor shall private property be taken for public use without just compensation." (19 Barb. 118 ; *Brevoort* v. *Grace*, 53 N. Y. 245 ; 4 id. 422 ; *Stuart* v. *Palmer*, 74 id. 189 ; *People* v. *Westchester*, 4 Barb. 64.) In the case at bar the appellant's property was taken to pay Fulton's tax, and consequently for his use and benefit. (*Varrick* v. *Smith*, 5 Paige, 1 ; *Brevoort* v. *Grace*, 53 N. Y. 245 ; *Bloodgood* v. *M. & H. Ry. Co.*, 18 Wend. 1; *Embury* v. *Conner*, 3 N. Y. 511 ; *Taylor* v. *Porter*, 4 Hill, 140 ; *Matter of Albany St.*, 11 Wend. 149 ; *Stuart* v. *Palmer*, 74 N. Y. 186; *Sears* v. *Cotterell*, 5 Mich. 251 ; *Weismer* v. *Village of Douglass*, 54 N. Y. 100 ; *Bertholf* v. *O'Reilly*, 74 id. 182.) The proceeding, as formulated above, is prescribed by the legislature for collecting a tax of a delinquent tax payer. It is a proceeding judicial in its nature — a function which the legislature has no right to exercise in such a case. (*Matter of McDonald*, 32 Hun, 506 ; *Kilbourn* v. *Thompson*, 103 U. S. 168 ; *Taylor* v. *Porter*, 4 Hill, 140 ; *People* v. *Brady*, 56 N. Y. 182; Const., art. 1, § 1 ; *L. S. & M. S. R. R. Co.* v. *Roach*, 80 N. Y. 339 ; *Howard* v. *Moot*, 64 id. 268 ; *Happy* v. *Mosher*, 48 id. 313.)

*C. H. Piper* for respondent. The statute contemplates that the goods and chattels of one person, although he be the absolute owner thereof, may be taken and sold to pay the tax of another person, providing the property is in the possession of

the person who ought to pay the tax, and no claim of property to be made thereto by any other person shall be available to prevent a sale. (2 R. S. [7th ed.] 1008, §§ 2, 4; *Sheldon* v. *Van Buskirk*, 4 Comst. 477.) The plaintiff's property was not seized and sold without due process of law. (*People* v. *Mayor*, etc., 4 Comst. 419 ; *Pauly* v. *Wahle*, 29 Hun, 116.)

Andrews, J. The defendant claims title to the horses, omnibus and baggage wagon, for the conversion of which this action is brought as purchaser at a sale thereof by the tax collector of Niagara Falls, on the 30th day of September, 1879, by virtue of a tax warrant duly issued for the collection of a tax assessed on the real estate of one Fulton in said village, used for hotel purposes, for the sum of $398.96, the sale having been made by the collector pursuant to said warrant to satisfy the tax. The property on and prior to October 14, 1877, was owned by Fulton, and was used by him in connection with his hotel business. On that day it was mortgaged to the plaintiffs to secure a debt owing by him to them, and the mortgage by its terms became due October 1, 1878. Fulton made default in the payment of the mortgage debt, but he continued in possession of the mortgaged property after default, as before, using it in connection with his business, until its seizure by the tax collector under the warrant. On the sale the plaintiffs gave public notice that they were the owners of the property, and that it could not be lawfully sold for the tax against Fulton. This presents the only question in the case.

The defendant justifies the levy and sale under the provision of the Revised Statutes (1 R. S. 398, § 2), which is as follows: " In case any person shall neglect or refuse to pay the tax imposed on him, the collector shall levy the same by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods and chattels in his possession, wheresoever the same may be found within the district of the collector; and no claim of property to be made thereto by any other person, shall be available to prevent a sale." It is claimed on behalf of the plaintiffs that Fulton at

the time of the levy and sale by the tax collector was not in possession of the property within the meaning of the statute, and second, that if he had possession within the statute, the property was in the plaintiffs, and that the statute so far as it authorizes the sale of the property of one person to satisfy a tax against another is unconstitutional and void.    The claim that the plaintiffs, upon default of the mortgagor to pay the mortgage debt, became the absolute owners of the mortgaged chattels, and that in the absence of any special agreement changing the relation, the possession of Fulton after that time was that of a mere naked bailee, cannot be success-fully controverted.    (*Fuller* v. *Acker*, 1 Hill, 473.)    It is also true that the general owner of personal property is deemed constructively in possession, although the actual custody may be that of an agent, servant, or bailee.    This principle is fre-quently applied in determining who are proper parties to actions, and in administering remedies.    But the statute in question evidently refers to actual physical possession, and not to mere legal or constructive possession, and an actual pos-session by the consent of the owner, although unaccompanied with any ownership in the possessor, is a possession within the meaning of the statute.    It is not necessary in this case to draw a distinction between it and cases where the property may be tem-porarily on the premises of another, for the owner's purposes or without his consent.    In this case the plaintiff permitted Ful-ton to continue in possession and use the property after default, up to the time of the levy, a period of nearly a year, without any ostensible change in the character of his possession.    We think there can be no doubt that the property was in his pos-session within the meaning of the statute at the time of the levy.

The principal ground upon which the counsel for the plain-tiffs relies for the reversal of the judgment, is, that the statute is unconstitutional.    The argument has been presented by the learned counsel for the plaintiffs with great elaboration and ability but we deem it unnecessary to follow it in detail.    It is claimed that legislative authority to seize and sell the property

of A. to pay the tax of B. is not due process of law, and also that it violates the constitutional injunction that private property shall not·be taken for public use without just compensation. (Const., art. 1, § 6.) Confining the proposition to this bare statement, its correctness may be admitted. But the statute in question adds the additional prerequisite or condition, that to authorize the property of A. to be taken for a tax against B. the property must be in the possession of B. at the time of the taking or rather, the statute does not inquire whether the legal title is in A. or B. but it conclusively adjudges it to be in the person taxed for the purposes of seizure and sale, provided it is in his possession. For the purpose of collecting the tax, the actual ownership, in contemplation of the statute, follows the actual possession. The possession under the statute is not merely a badge of ownership, it is title, so as to subject the property to seizure and sale for a tax against the possessor. Is the statute a violation of any constitutional guaranty? It has a very close analogy in the common-law proceeding of distress for rent, which permitted the distraint of the property of a stranger found on the demised premises. The law of distress for rent was the law of this State up to 1846. The principle that the property of a stranger on the demised premises, might be distrained was always recognized in our legislation, although its rigor was relaxed and its hardships mitigated from time to time by qualifications and exceptions. (2 R. S. 502, § 14.) I am not aware that the constitutionality of this feature of the law was ever questioned. Its validity has frequently been assumed by the courts. (*Holt* v. *Johnson*, 14 Johns. 425; *Spencer* v. *M' Cowen*, 13 Wend. 256; *Gilbert* v. *Moody*, 17 id. 354.) It is to be observed that this stringent remedy was permitted to enforce obligations between individuals. The similar remedy given by the tax laws is to enforce the sovereign and indispensable power of taxation. The section of the Re vised Statutes now in question, was not an introduction by the revisers of a new remedy for the collection of taxes. The authority to seize and sell any property in the possession of a person taxed, for ·the payment of the tax, has been a part of

the statute law of the State since 1801. A provision in almost identical words with the section in the Revised Statutes, is found in the act entitled "An act for the assessment and collection of taxes," passed in that year (Laws of 1801, chap. 178, § 10) and from that time to this has been a part of the statute law. For more than three-quarters of a century this provision has been on the statute books, and we may reasonably assume has been frequently enforced, but its validity has never, so far as we know, been challenged in the courts. The principle upon which the statute is founded has been impliedly affirmed in two cases, although in neither was the precise question in judgment. (*Sheldon* v. *Van Buskirk*, 2 N. Y. 473 ; *Lake Shore R. R. Co.* v. *Roach*, 80 id. 339.) In view of this long continued acquiescence by the executive, legislative and judicial departments of the government in the legislation now in question, the court would not, we think, be justified in departing from the common understanding that the statute authority to seize any property in the possession of a person taxed, for the payment of the tax, justifies the seizure and sale of the property of a third person so situated. Each individual in the community has notice of the law, and is presumed to understand that if his chattels are by his consent or permission in the possession of another, they can be taken for a tax against the person in possession. The law was probably framed to prevent fraud and collusion, and disputes as to title, and each individual in the community may be assumed to have consented that his property shall be subject to the right of the State in this way to enforce the power of taxation. The State only receives the sum to which it is entitled. As between the owner of the property seized and the person taxed, the latter ought to have paid the tax, and we see no reason to doubt that if payment is enforced out of another's property in his possession, the true owner has a remedy against the person who ought to have paid it. The question of the constitutionality of a similar statute was considered and decided in Michigan, in the case of *Sears* v. *Cottrell* (5 Mich. 251), and the court, one judge dissenting, affirmed its constitutionality.

The proceeding in the case before us was an execution of a power of government in respect to taxation, and although the right to take the plaintiff's property for the tax was not adjudged in a judicial proceeding, the act of the legislature, and the acts of the administrative officers thereunder, is, we think, due process of law within the meaning of the Constitution. The plaintiff's property was not taken by the right of eminent domain, but under the taxing power, and no question, therefore, arises under the clause of the Constitution prohibiting the taking of private property for public use, without just compensation. (*People* v. *Mayor, etc.*, 4 N. Y. 419.)

The judgment should be affirmed.

All concur.

Judgment affirmed.