CITY OF MERRILL, Appellant, vs. P. B. CHAMPAGNE LUMBER COMPANY, Respondent.

*October 22 — November 5, 1889.*

*Taxation: Assessment: Agency.*

1. Under sec. 1044, R. S., personal property may be assessed to an agent in possession thereof, without designating him as such.
2. The evidence in this case is *held* to show that certain saw-logs which the defendant had sold, but which it had engaged to manufacture into lumber at its mill for the purchaser, were in the possession of the defendant as the agent of the owner.

APPEAL from the Circuit Court for *Lincoln* County.

The action was commenced under sec. 1100, R. S., to collect the amount of a tax assessed upon certain saw-logs in the year 1887. The defendant to whom the logs were assessed answered, denying ownership thereof, alleging that they were the property of one John Warne, a resident of Illinois, and denying that it was Warne's agent or in any way liable for the tax. In the justice's court judgment was rendered against the defendant. On appeal the circuit court found in favor of the defendant; and from a judgment dismissing the action the plaintiff appeals.

For the appellant there was a brief by *W. H. Flett*, at-

torney, and *Bardeen, Mylrea & Marchetti,* of counsel, and oral argument by *Mr. Flett.*

For the respondent the cause was submitted on the brief of *Bump & Hetzel.*

COLE, C. J. Was the defendant corporation justly liable for the payment of the tax assessed upon the saw-logs in question for the year 1887? The circuit court held it was not, and rendered judgment accordingly. The correctness of this ruling is the matter to be considered.

The defendant, in its answer, stated and alleged that it was not liable to pay this tax, because at the time the tax was levied it did not own the logs, but they were owned by John Warne, who was then and still is a resident of the state of Illinois; and it further averred that it was not the agent of said Warne, and was not doing business for him in this state, and did not control the logs upon which the tax was assessed, except it was to pay the expense of running the logs to the boom in the performance of its contract with Warne, to which it refers, and which was given in evidence on the trial. It was stipulated and admitted by the counsel of the respective parties that the logs were not assessed to the defendant, nor listed to it, as agent of Warne; but that they were listed by the assessor and board of review in the name of the defendant upon the assessment roll, and to the defendant as owner, in the same manner that its other personal property was listed or assessed.

The statute provides, in effect, that personal property shall be assessed in the assessment district where the owner resides; and if the owner be a nonresident of the state, but has an agent residing in the state in charge of such property, then the same shall be assessed in the district where the agent resides; otherwise in the district where the property is located, except as thereafter provided in the statute. Sec. 1040, R. S., as amended by ch. 354, Laws of 1883.

See ch. 258, Laws of 1882. It is further enacted that personal property which is liable to taxation shall be assessed to the owner, except as therein provided; and the assessor is required to place upon the assessment roll, opposite to the name of each person liable to assessment on personal property, the valuation of all personal property owned by himself or wife, or which he has in charge or possession as lessee, occupant, agent, etc., which is liable to taxation. Sec. 1044, R. S. The present statute does not require, as the former revision did, that where a person was assessed as trustee, guardian, etc., the designation of his representative character should be added to his name. See sec. 19, ch. 18, R. S. 1858. The property is assessed to the person in possession, whether he be the owner or holds it as agent or in some other representative capacity mentioned.

If the defendant had in charge, or was in possession of, the logs as occupant or agent, they were lawfully assessed to it, the same as though it were the absolute owner. No distinction need be made in the mode of the assessment, whether the person is such owner or only has charge of the property as agent for the owner, because the statute makes no distinction. For the purpose of taxation, the agent represents the owner.

The word "agent," as used in the statute, only implies or means one who has charge or possession of the property for any purpose. It is not essential that he should be a general agent to sell the property, or that he have authority to act for the owner in respect to it in all matters. The statute makes possession or the care, custody, or management of the property by another sufficient to sustain the tax, as well as the fact of ownership. This is very clear from the language used, which is definite and plain. Does, then, the evidence show that at the time of the assessment the defendant was in charge or possession of the saw-logs as agent of the owner, so as to make it liable for the tax

under the statute? We think the clear and decided weight of testimony shows that it was. It is true there is some little conflict on the point, but the clear and decided preponderance of evidence favors the conclusion that it was such agent and had such possession and control of the logs as brings the case fully within the provisions of the statute.

We shall not discuss the evidence at any length, because it would be useless to do so, but merely allude to some items of testimony which sustain the conclusion we have reached. It appears from the written contract to which a reference has been made that the defendant in November, 1886, sold Warne 12,000,000 feet of sound pine saw-logs, which were to be marked, when cut, with its private mark, as we construe the evidence. These logs were to become the property of Warne as fast as they were banked. The defendant agreed to drive the logs into the Merrill boom on the Wisconsin river upon the first water in the spring of 1887. Mr. Champagne says in his testimony that they were all banked and delivered to Warne before May 1, 1887. He also says, in substance, that they were to be sawed at the defendant's mill for Warne, or the owner, whoever he might be. Most of the logs were in the Merrill boom before May 1st, and, as the defendant was to saw them, it is obvious, from the necessity of the case, that it must have charge and possession of them in order to manufacture them into lumber. Mr. Champagne also stated in his testimony before the justice that the defendant managed these logs from the time they were cut from the tree until the lumber was piled. It is true, on the trial in the circuit court he made other statements in conflict with this item of testimony, but the first statement is more consistent with other facts proven than his subsequent ones. It is evident that Mr. Champagne was not a willing witness for the plaintiff, and that he desired that the logs should escape taxation. Consequently he gives no more information to the taxing officers,

as to who has charge of the logs, than he can avoid. Indeed, his testimony, as contained in the bill of exceptions, is not marked with that spirit of candor, fairness, and consistency which carries conviction to the mind of its entire truth and accuracy. The assessor testified that Mr. Champagne, when applied to, made a statement to him as to the personal property which should be assessed to the defendant; that in regard to the item of 12,000,000 feet of logs he told the assessor to put them on the list; said that while the defendant did own the logs, it did not own them; that he supposed the defendant would have to pay the taxes upon them; that he would let them be listed as against the defendant, and if he wanted to make a change he would come before the board of review and make it. We give the meaning, not the words, of the witness. Mr. Champagne does not recollect this conversation, or remember that he told the assessor to put the item of 12,000,000 feet of logs on the statement of personal property. His want of recollection, however, by a familiar rule, cannot overcome the positive evidence of the assessor as to the fact. This evidence, and other testimony which corroborates it, leads us to the conclusion that the defendant had charge of the logs when they were assessed, as agent of the owner, and that they were properly listed to it on the statement of personal property. The fact that it had engaged to manufacture the logs into lumber at its mill is a most cogent circumstance showing that they were under its charge and in its possession for the owner.

There is some testimony to the effect that Warne had parted with his interest in the logs before the 1st of May, but the evidence of that fact is too unsatisfactory and conflicting to warrant us in basing any conclusion upon it. But the evidence that the defendant had in charge or possession, as occupant or agent, these logs, is, to our minds, established by the most convincing and satisfactory proof.

Meiswinkel and others vs. The St. Paul Fire & Marine Ins. Co.

We therefore feel justified in setting aside the finding of the learned circuit court to the contrary, and ordering judgment for the plaintiff for the amount of tax claimed in the complaint, with interest thereon from the commencement of this suit.

*By the Court.*— It is so ordered.