MARGARET B. COIE, Respondent, *v.* JOHN E. CARL, Appellant.

*Tax — possession of real estate by a tenant is the possession of the owner — it author-
izes the collection of a tax by distress — action of replevin in sepit.*

The occupation and possession of a farm by a tenant working such farm on shares
with the owner thereof is the occupancy and possession of the owner for the
purpose of the collection of taxes assessed against the owner upon such lands.

The actual possession of property by the consent of the owner, although unac-
companied by any ownership, is within the meaning of the statute authorizing
the collection of taxes by distress and a sale of the goods and chattels of the
person who ought to pay the tax, or of any goods and chattels in his possession.

Where a person wrongfully takes possession of the goods of another, an action of
replevin *in sepit* will lie, and no demand is necessary for the return of the goods
before the commencement of such action.

APPEAL by the defendant, John E. Carl, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Montgomery on the 2d day of February,
1894, upon the verdict of a jury, rendered by direction of the court,
after a trial at the Montgomery Circuit, adjudging the plaintiff to
be entitled to the recovery of the possession of the property in con-
troversy, and also from an order entered in said clerk's office on the
19th day of January, 1894, denying the defendant's motion for a
new trial made upon the minutes.

*H. M. Eldredge*, for the appellant.

*G. E. Phillips* and *Z. S. Westbrook*, for the respondent.

MAYHAM, P. J.:

The plaintiff sued the defendant for the alleged conversion of a
cow and wagon, of which she claimed to be the owner, and replevied
the property; and the same not being reclaimed by the defend-
ant, the sheriff delivered the possession to the plaintiff.

The defendant, in his answer, sought to justify the taking of the
property under a warrant for the collection of taxes issued to him as
collector of taxes for the village of Fort Plain.

The tax roll and warrant were put in evidence, and directed the
defendant, as collector, to collect from all persons therein named
the several sums set opposite their respective names on the last
column on such roll.

On such roll was a tax assessed against Fidelia Waddell, as executrix of the last will of Hannah W. Kellogg, deceased, for real and personal estate, which tax amounted to the sum of eighty-two dollars and ninety-seven cents, to collect which, as the evidence tended to show, the defendant levied upon the property in dispute in this action.

The defendant never reduced the property to his actual possession, but while the same was constructively under such levy, the plaintiff replevined the same.

The evidence shows that the defendant had, in a previous year in which he acted as collector, levied upon the same property on a tax against the same party and sold the same in satisfaction for such tax, and that the property was bid off on such sale by one George Hawn, at the request of Mrs. Waddell, and was, with other property, by him sold to the plaintiff, under a written bill of sale, which was put in evidence on this trial.

The evidence also tended to show that the real estate of which Mrs. Waddell's testatrix died seized, on which this tax was in part assessed and levied, was in the joint possession of the executrix and a tenant of such executrix who was working the same under contract with her on shares, and that such executrix resided upon a portion of such premises, and that the property in dispute in this action was, at the time of the levy by the defendant on such premises, in the possession of such tenant or such executrix, or both.

This evidence, or some of it, was disputed by the evidence on the part of the plaintiff; but it seems conceded that the executrix was the owner of this land, either in her own right or as executrix, so that the occupancy and possession by the tenant working such farm on shares was the occupancy and possession of the executrix for the purpose of the collection of taxes assessed against the executrix upon such lands. (*Taylor* v. *Bradley,* 39 N. Y. 129.)

The possession of the farm under such an agreement is so far joint that one cannot maintain trespass against the other. (*Decker* v. *Decker,* 17 Hun, 13.) It would seem, therefore, that under the circumstances of this case, that it was a question of fact whether or not the person against whom this tax was assessed was the owner or in possession of these goods.

The evidence shows that the goods were purchased on the previous tax sale, for her or by her direction, and while the bill of sale

would seem to transfer the legal title of these chattels to the plaintiff, yet, if they were in fact in the possession of Mrs. Waddell, they would be liable to distress and sale for a tax assessed against her.

The Revised Statutes (1 R. S. 397, § 2) provides for the collection of taxes "by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods and chattels in his possession." And in _Hersee_ v. _Porter_ (100 N. Y. 403) it was held that actual possession by consent of the owner, although unaccompanied by any ownership in the thing possessed, is within the meaning of the statute. There is in this case some evidence tending to show that these goods were left on these premises by the consent of the plaintiff. It was, therefore, we think, a question of fact for the jury to determine, under the evidence, who had· the possession of the farm on which these goods were found by the sheriff, and, if in the possession of Waddell and Hawn, then as to the title of this property, and as to whether or not the plaintiff left them in possession of the executrix with her consent.

We cannot agree with the contention of the appellant that a demand by the plaintiff of this property was a prerequisite to maintaining an action for these goods.

If they were liable for this tax, no demand would relieve them from that liability. If they were not, then the defendant was liable for the original wrongful taking, and replevin _in sepit_ would lie. Nor can we agree that the sale of these chattels for a former tax by this defendant is an estoppel as against him.

That sale was not directly from the defendant to this plaintiff, but to George Hawn, a son of one of the occupants of Waddell's premises. It does not appear that the defendant had any knowledge of a sale by Hawn to the plaintiff.

We think the learned judge erred in taking the case from the jury, and that he should, as requested by the defendant, have submitted the question of the ownership by and of possession in Mrs. Waddell, under proper instructions, to the jury.

The judgment must be reversed and a new trial granted, costs to abide the event.

PUTNAM AND HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.