JONES, P. J.
There is little if any dispute between the parties as to the facts. The action was originally brought by Fred Pagels, who has since deceased and is now represented by his administrator, against the county auditor and treasurer for a perpetual injunction against a tax charge placed by the county auditor upon the tax duplicate of Hamilton county, for the year 1917, against the name of Fred Pagels for personal property in the amount of $217,500.
On April 8, 1917, Fred Pagels was engaged in Cincinnati in the business of warehouseman, being the owner of two warehouses in the sixteenth ward of said city which were conducted by him exclusively as warehouses for the purpose of receiving and keeping in storage furniture, household goods, pianos and automobiles under contracts made by him with the owners and possessors of such articles.
On the said April 8, 1917, which was the day for making tax returns of personal property in said county, there were stored in said warehouses a number of pianos, automobiles and crates, packages and lots of furniture and household goods which *569 had been left with the plaintiff for storage purposes only by the various owners, possessors and custodians of said property. None of said property was then in the possession or control of plaintiff in his own right or in any right except as warehouseman and solely for storage purposes.
On or about May 22, 1917, the county auditor served a written notice upon plaintiff requesting him to furnish that office with the names and addresses of all persons, firms or corporations who had chattels of any kind stored with him during the year ending April 8, 1917, with a complete list of all goods and chattels so stored and their actual or insured values, and requesting him to bring to the auditor’s office all records, books and data of every description which would furnish the required information.
Plaintiff declined in writing to furnish such names and addresses and such list of goods and chattels with the actual or insured value thereof, and declined to bring his books to the office of the said county auditor.
Thereupon the auditor proceeded under Sees. 5401, 5402 and 5403 G. C. to file an application in the probate court to require said Pagels and his two sons as agents to give testimony before said probate court relative to such personal property in their possession and control, which he claimed they were required to list for taxation.
Proceedings were thereupon taken in the probate court resulting in the refusal of Rheinhardt W. Pagels, who testified therein, and of plaintiff Fred Pagels to furnish the information desired. Said witnesses were not committed for contempt, and further hearing of said cause was continued by the probate court.
Thereafter on June 11, 1917, the county auditor sent a written notice to the plaintiff stating that he had listed in his name for taxation the following named items amounting in tax value to $217,500:

150 Autos at $1,000........................ 150,000
500 Sets of Furniture at $100............... 50,000
Miscellaneous Paintings, Chinaware, Glassware 10,000
*570 and stating that said listings were made based upon the hearing in the probate court.
Thereupon the county auditor listed upon the tax duplicate a single item of personal property in the name of Fred Pagels, 977 West Eighth street, at a gross value of $217,500, and charged upon said duplicate the tax collectible one-half in December, 1917, and one-half in June, 1918, at the regular rates of taxation upon said valuation.
Plaintiff filed his petition in this case charging that said action of the county auditor was without authority of law and was an abuse and usurpation of his powers, was unauthorized illegal and wholly void, and praying for a permanent injunction against the collection of any tax thereunder. ■
The defendants by answer admit the making such charge upon the duplicate and insist that it was a valid and legal charge against plaintiff under proper authority of said auditor. And by way'of-a second' and third defense defendants allege that the valuation as fixed by the county auditor was conclusive and, in the absence of fraud or gross mistake, can not be disturbed by the court, and that the plaintiff did not exhaust his remedies under the statute by complaint to the board of revision and to the state tax commission.
The first question raised is as to the jurisdiction of the court. The action is brought by virtue of Secs. 12075 and 1637 G-. C. The question is not one of valuation, but is whether or not under the statutes the plaintiff is liable to be taxed at all for this property, and if so whether the auditor proceeded in the proper way to make this charge against plaintiff upon the tax duplicate.
The'power of the courts to consider this question without the necessity of proceeding before the board of revision or the tax commission is clearly sustained by the case of Hagerty v. Huddleston, 60 Ohio St. 149 [53 N. E. 960], in which at pages 165 and 166 the doctrine is clearly stated:
“The valuation placed upon property by a taxing officer or board within the scope of authority conferred by law, when made in good faith, will be held and regarded by courts as conclusive of the value, unless it should appear that there was some gross mistake to the prejudice of the taxpayer. But when the complaint is not as to the valuation, but goes to the extent of *571 claiming that under the statute the taxpayer is not liable to be taxed at all, under the peculiar circumstances of the case, that is that the tax is illegal, then the determination of the taxing officers and boards is only prima facie, and under Sec. 5848 (12075 G. G.) E. S., full jurisdiction is conferred upon the courts of common pleas and superior courts to enjoin such tax as illegal. * # * When the power to tax in any particular case is challenged, the citizen has the right to be heard in court as to the légality of the tax, but when the power to tax is conceded, and the complaint is only as to the valuation, a valuation made in good faith and according to the best judgment of the taxing officer, will not be disturbed by the courts in the absence of gross mistake.”
The tax laws of Ohio have undergone so many changes especially during the last few years and are found in so many parts of the code — in many cases different sections practically duplicating the provisions of other sections — that it is very difficult to follow them and determine clearly what the effect of each provision may be. It is however in this case not necessary to go into these numerous provisions in detail or to refer to many of the sections.
There is no question under the constitution or the statutes but that the property in storage should be listed at its true value in money as required by Art. 12, Sec. 2, of the constitution.
Under the statutory provisions it undoubtedly was the duty of the various owners of property stored in plaintiff’s warehouses to make proper individual returns of their several properties and have the same listed for taxation in their own names; and so far as shown in this ease that may have been done as to each and all of the various parcels of property covered by the valuation complained of. (Sections 5366, 5370, 5371, 5372 G. C.)
Inasmuch as property of nonresidents in this state or of persons under disabilities of various kinds, or for other reasons held by persons in various capacities for others, might except for special provisions escape taxation, it is proper for the state to provide that property so held should be returned by the party in possession for the benefit of others.
Section 5370 G. C. requires each person of full age and sound mind to list the personal property of which he is the owner, and makes provision for the listing of property of minors and others who may not be in possession.
*572 Section 5371 G. C. provides where property shall be listed, and that a person required to list property on behalf of others “shall list it separately from his own, specifying in each case the name of the person, estate, company or corporation to whom it belongs.”
Section 5372 G. 0. provides that personal property “shall except as otherwise provided be listed in the name of the person who was or became the owner thereof on the day preceding the second Monday of April, ’ ’ etc.
Sections 5372-1 5372-2 and 5372-3, are in their provisions somewhat analogous to Secs. 5370 and 5371.
Undoubtedly among other persons in possession of property so required to list same for taxation, the state might well have included warehousemen in possession of property, requiring them to list same and pay taxes thereon and giving to them a lien to secure such payment. Judson, Taxation, 2d Ed. Sec. 444; Cooley, Taxation, 653; Carstairs v. Cochran, 193 U. S. 10 [48 L. Ed. 596; 24 Sup. Ct. 318]; Thompson v. Commonwealth, 209 U. S. 340 [28 Sup. Ct. 533].
Laws have been sustained authorizing a tax on property in possession of one other than the owner against such possessor, and permitting the tax collector to proceed against the individual property of such possessor for the collection of such tax. Hutchinson v. Board of Equalization, 66 Iowa 35 [23 N. W. 249] ; Commonwealth v. Gaines, 80 Ky. 489; Walton v. Westwood, 73 Ill. 125; Merrill v. Champagne Lumber Co. 75 Wis. 142 [43 N. W. 653]; Spanish River Lumber Co. v. Bay City, 113 Mich. 181 [71 N. W. 595].
Some states have gone to the length of permitting chattel property in the possession of one other than the owner to be dis-trained or levied upon to satisfy taxes on the real estate of such possessor. Sears v. Cottrel, 5 Mich. 250; Hersee v. Porter, 100 N. Y. 403 [3 N. E. 338].
These cases are justified by the courts under the particular statutes which authorize such collection. We are, therefore, in every ease required to consider the statutory authority for the listing and collection of the tax.
In the case at bar defendants justify the charge under the provisions of Secs. 5372-1, which are as follows:
*573 “Personal property, moneys, credits, investment in bonds, stocks, joint stock companies or otherwise in the possession or control of a person as parent, guardian, trustee, executor, administrator, assignee, receiver, official custodian, factor, agent, attorney, or otherwise, on the day preceding the second Monday of April in any year, on account of any person or persons, company, firm, partnership, association or corporation, shall be listed by the person having possession or control thereof, and be entered upon the tax lists and duplicate in the name of such parent, guardian, trustee, executor, administrator, assignee, receiver, official custodian, factor, agent, attorney or other person, adding to such name words briefly indicating the capacity in which such person has possession of or otherwise controls said property, and the name of the person, estate, firm, company, partnership, association or corporation to whom it belongs; but the .failure to indicate the capacity of the person in whose name such property is listed, or the name of the person, estate, firm, company, partnership, association or corporation to whom it belongs shall not affect the validity of any assessment thereof. ’ ’
It will be observed that although many classes of persons are enumerated in this section, whose duty it is to list property in their possession or control, that a warehouseman is not specifically included and must therefore be brought under one of the other terms used. The auditor’s return upon which his listing was based had endorsed upon it (not however at the proper place) the words “Agent, Custodian and Warehouseman,” and defendants ’ counsel rely upon those words.
The statute, it will be observed, does not use the word ‘ ‘ custodian” alone but the words “official custodian” doubtless referring to some public or corporate office by virtue of which possession or custody is held; so these words are not applicable to plaintiff in this case.
We are therefore limited to the word “agent,” or else to the necessity of bringing into the statute the word “warehouseman” as one of the capacities intended to be included by the use of the word “otherwise” in the statute. It is somewhat questionable under the rule of construction known as “ejjusdem generis ” emmciaied in 36 Cyc. 1119, whether the word “otherwise” is broad enough to include warehouseman and bring such capacity into the general class enumerated in the statute. This is more especially the case because of the provision of See. 5383 G. C. *574 which provides that a consignee shall not be required to list “value of property consigned to him from another place for the sole purpose of being stored or forwarded * * * if he has no interest in such property. * * # In that section a consignee and commission merchant are treated together, but it will be observed that the storage feature of their business is somewhat analogous to that of a warehouseman. It is further suggested that while a lien is given to those paying taxes under various sections of the statute (Sees. 5683, 5687, 5689, 5693 G. C.), and a lien is given to warehousemen (Sec. 8483 G. C.), for storage and numerous other charges and claims, “taxes” are nowhere specifically included.
It is strongly argued that the word “agent” is sufficiently broad to include a warehouseman. In 8 Words and Phrases, 7392, we find the following definition:
“Warehousemen are of the class of bailees known as ‘paid agents’ exercising private employments whose liberty and relation is essentially different from that of common carriers.”
Then it is urged that the words ‘ ‘ or otherwise ’ ’ found in the statute must be given some meaning, and should be construed broadly enough to include a warehouseman, if not covered by the word “agent.”
In a matter so important as that of taxation the court will not by construction interpolate words into the statute to extend its terms; more especially so where an attempt has been made, as in the section under consideration, to enumerate all classes. But considering the intention and purpose of the legislature and the ordinary acceptation of the language used, the court is of the opinion that the section in question should be construed to include one in such capacity as a warehouseman in the position of plaintiff, and where property in his possession has not otherwise been listed the auditor might under proper circumstances require its listing by him upon the tax duplicate, but in so doing the provisions of the statute must be clearly observed.
Nor do we regard such a construction of the law as imposing so unreasonable a duty upon agents, factors or attornej^s — or warehousemen, if you please — as to make the law unconstitutional under the rulings in State v. Boone, 84 Ohio St. 346 [95 N. *575 E. 924; 39 L. R. A. (N. S.) 1015, and 85 Ohio St. 313 [97 N. E. 975; 39 L. R. A. (N. S.) 1019], In that ease statistical information of a nature entirely foreign to the professional duties of .a doctor, pertaining to the ordinary field of census taker, were required in addition to the regular birth or death returns which might have been properly required. The act there under consideration was held in valid as unwarranted and an unreasonable exercise of police power. No such objection could be made to a law requiring the return of personal property for taxation by one holding it in his possession.
Considering that it might have been the duty of Pagels to list property not otherwise listed, in storage in his warehouses, and upon his failure so to do that it be listed by. the auditor, it must be listed, not in the name of the warehouseman personally, but under the provisions of Secs. 5372-3 and 5371 it must be listed separately from his own property and there must be specified in each case the name of the person, estate, firm, company, partnership, association or corporation to whom it belongs and the capacity in which the warehouseman holds it.
Section 5372-3 G. C. makes no provision for bulking up property held in storage by an agent, belonging as this property did to divers and sundry owners. An exception is made in this section as to pawnbrokers, showing that in such a business where the qualified title passes to the bailee such provision might be allowable.
To the argument that it would be inconvenient to separately list property, or that because of the contumacy of plaintiff the information was not given by him to the auditor as to the ownership of the different properties, it can be said that if the property were listed, as it should have been by its several owners, it would make as many items as if it were listed in the name of the warehouseman in his capacity as such, for the different owners; and Sec. 2583 G. C. provides for the listing of property in the name of an unknown owner. Then in that ease if the tax were not paid the particular personal property subject to the unpaid tax could under See. 5671 be itself seized and held for its collection.
The law as it now stands can not be construed to permit a personal charge against a warehouseman to be made other than *576 out of the goods against which the tax is charged and certainly not out of his private property or means, for a tax which should have been primarily paid by the owner of the property and for which he has been given by the statute no lien for reimbursement.
The argument that plaintiff should receive but scant consideration, because he has failed to assist the auditor in securing a full tax duplicate, is without merit. The statute provides punishment upon the failure to furnish proper information on the hearing before the probate court but no other provision penalizing him by tax charges against him personally is found in this statute.
It is further urged that this proceeding is equitable in.its nature, and that no relief can be had by plaintiff unless he himself is without fault and comes into court with clean hands. While this action is equitable in its form it is purely statutory in its nature and gives a remedy to a taxpayer in addition to all other remedies formally provided. It is not necessary therefore to establish all of the elements of a case in equity. Tone v. Columbus, 39 Ohio St. 281, 301-302 [48 Am. Rep. 438]; Stephan v. Daniels, 27 Ohio St. 526, 536; Steese v. Oviatt, 24 Ohio St. 248, 253.
As said by Williams, J., in the” case of Markle v. Newton, 64 Ohio St. 493, 496 [60 N. E. 619].
A tax can not be “justified merely upon equitable considerations. Public burdens of that nature can be sustained only when authorized by positive law. And when such burden is illegally imposed, it is a statutory right of the party against whom it is charged, to stay its collection by injunction.”
Doubtless the names of the several owners of the various items of property might have been ascertained by the proceedings in the probate court if such proceedings had not been discontinued. But if the property is listed under the sections of the statute which have been considered above, in the name of the warehouseman, it must be done not in his individual name but in his representative capacity, and separate listings must be made for the property of each owner, giving the name where ascertainable, and as the property of an unknown owner where such name can not be ascertained.
*577 In the opinion of the court the charge as made on the tax duplicate against plaintiff does not comply with the law and is therefore illegal and void, and a perpetual injunction will be granted as prayed for in plaintiff’s petition.
Wilson and Hamilton, JJ., concur.