LEONARD H. WILKEY, Plaintiff in Error, *v.* THE CITY OF PEKIN, Defendant in Error.

### ERROR TO TAZEWELL.

Where a city charter confers power to levy and collect taxes upon all property within its limits, property of a resident having its actual *situs* without the limits of the city is not taxable.

The place or *situs* of a vessel is the place of its registration and port from which it regularly departs and returns.

THIS cause was tried before HARRIOTT, Judge. The opinion of the court furnishes a statement of the case.

ROBERTS, for Plaintiff in Error.

B. S. PRETTYMAN, for Defendant in Error.

SKINNER, J. This was an action of assumpsit. The cause was submitted to the court upon the following agreed statement of facts:

That the defendant is a corporation, duly incorporated as a city under the general law, entitled "An Act to Incorporate Towns and Cities," approved February 10th, 1849, and acting as such under the act incorporating the cities of Quincy and Springfield; that the plaintiff is a resident of said city, and was a resident thereof at the time of the tax hereinafter stated.

That the plaintiff, at the time of the assessment of the tax, was part owner of the steamboat called the Challenge; that part of said boat was owned at the said time by persons residing in St. Louis, Missouri; that for the year 1856 the said city of Pekin assessed a tax upon the said defendant's interest in said boat, of twenty-five dollars; that at the time said tax was assessed, said boat was registered at St. Louis, Mo., and was running on the Illinois river, touching at Pekin on her upward and downward trips, to take on and discharge freight, and for that purpose only; that said plaintiff's interest in said boat was assessed by the assessor for State and county purposes, and the city tax was regularly extended by the county clerk in pursuance of the general law, and that the tax was regular, if the interest of the plaintiff in the boat was subject to taxation for city purposes; that the said tax was assessed for city purposes, and that the same has been paid by the plaintiff into the treasury of said city; that this suit is brought to recover the tax so paid by the said plaintiff to the said defendant, as tax illegally assessed by the said city upon said boat; that if the said city had no right to assess and collect a tax upon the plaintiff's in-

terest in said boat, the plaintiff is entitled to recover the said twenty-five dollars.

Judgment was rendered for the defendant.

It was also agreed that this agreement might be considered as a bill of exception, and that if the Supreme Court should be of opinion that said plaintiff's interest in said boat was not subject to taxation for city purposes, that judgment should be rendered by the Supreme Court for the plaintiff for twenty-five dollars and costs of suit.

The laws incorporating the cities of Quincy and Springfield are adopted as the basis of the corporate powers of the city of Pekin.

Those laws confer power " to levy and collect taxes upon all property, real and personal, within the limits of the city." In terms, under those laws, property being within the corporate limits of the city only is subject to taxation; and the city would have no power to tax property of residents of the city having its actual *situs* without those limits. As a general rule, personal property follows the person of the owner, and in contemplation of law has its place where he is *domiciled;* but municipal corporations, having no power to protect property not being within their corporate limits, can render no equivalent for the right of taxation of such property, and there is no propriety in the application of this rule to them for purposes of revenue. And it is evident that the legislature intended to confine their power of taxation to property actually within their territorial jurisdiction. The place, or *situs*, of a vessel must of necessity be the place of registration and port from and to which it regularly departs and returns.

The tax was collected without authority. *The City of New Albany* v. *Meekin*, 3 Ind. R. (Porter) 481. The judgment is reversed, and judgment will be entered in this court, in pursuance of the agreed case, for plaintiff for twenty-five dollars.

*Judgment reversed.*