RHYNO v. MADISON COUNTY.

1. **Taxation**: ASSESSMENT: MOVABLE PROPERTY. The plaintiff, who resided in South township, had certain cattle fed during the winter months in Scott township; he listed them for taxation in the former and they were also assessed in the latter, where they happened to be January 1: *Held*, that they were subject to taxation only in the township which was the home of the owner.

2. ———: ———: ———. It is impossible to establish a general rule with respect to the taxation of movable property which happens temporarily to be in another jurisdiction than that of the owner, but it may be said that it is not necessarily subject to assessment in the town where it is on January 1.

*Appeal from Madison Circuit Court.*

SATURDAY, JUNE 17.

THIS cause was submitted to the court below upon the following agreed statement of facts:

" That said T. J. Rhyno now is, and for many years has been, a resident and citizen of South township, Madison county, Iowa, and that said South township was his place of residence in January, 1874; that for many years said T. J. Rhyno has been engaged in the business of stock feeding in Madison county, Iowa; that in the fall of 1873 said T. J. Rhyno got together, for the purpose of feeding and fattening, a large number of neat cattle and hogs; that during the latter part of the year 1873, the said Rhyno placed one hundred and fifty head of the neat cattle and ninety head of the said hogs in Scott township, Madison county, Iowa, for the purpose of feeding and fattening during the said winter; the purpose and intention being that said stock should only remain in Scott. township for a few weeks or months, at most, during the feeding season of 1873–4; that the said one hundred and fifty head of cattle, and the said ninety head of hogs, were in Scott township on January 1. 1874, as well as a few weeks prior and after said date; that said Rhyno made return of the said cattle and hogs above mentioned to the assessor of South township, the township in which said Rhyno lived, for assessment for the

year 1874; that the assessor of South township assessed said cattle and hogs to said Rhyno for the year 1874, and made proper return thereof on his assessment books; that without the consent of said Rhyno, the assessor of Scott township, the township in which said cattle and hogs were actually feeding on January 1, 1874, assessed the same to said Rhyno, and entered them on his assessment books against him, and made return thereof to the board of supervisors; that by reason of the assessment above named, the same property, to-wit: said cattle and hogs, were twice assessed against T. J. Rhyno, for the year 1874; that at the June, 1874, meeting of the board of supervisors of said county, T. J. Rhyno made application to said board in due form, setting forth the facts above stated, and requesting said board to strike the assessment of said cattle and hogs from the assessor's books of Scott township, and that he might have the same assessed against him only in the township of South, the place of his residence; that the board of supervisors refused to grant said request of said Rhyno, and said property is now assessed against him in both Scott and South townships.

The board of supervisors do not claim the right to assess said property in both townships, and are willing to strike the assessment thereof from the books of South township.

It is claimed by T. J. Rhyno that said property is liable for taxation in the township of his residence, and not in the township where it was on the first of January, as above stated.

It is claimed by the board of supervisors that said property is liable for taxation in the township in which it was actually kept on and about January 1, 1874, irrespective of the place of residence of said Rhyno."

Upon this agreed statement the court found that the assessment in Scott township was erroneous and void, and that taxation should be had upon the assessment made in the township of South, where plaintiff resides. The defendant appeals.

*Wainright & Gilpin*, for appellant.

No appearance for appellee.

DAY, J.—Appellant mainly relies upon section 823 of the Code, which provides: " The assessor shall list every person in his township, and assess all the property, personal and real therein."

This section furnishes no warrant for the conclusion that the assessor shall assess all the property which may have been in his township on the first day of January, of the year for which the assessment is made.

Section 822 provides each assessor shall enter upon the discharge of the duties of his office on the third Monday in January in each year; and section 825 requires him to deliver one of the assessment books to the clerk of his township on or before the first Monday in April. Now it is a more reasonable conclusion that the requirement that the assessor shall assess all the property in his township refers to the time when the assessment is made, and not to a time two or three weeks before he is authorized to begin the assessment. It is true section 812 provides that personal property shall be listed and assessed each year, in the name of the owner thereof, on the first day of January. But the purpose of this section is to determine who shall pay the taxes, and not for the benefit of what locality they shall be paid. This section has no reference to section 823, and there is no authority for engrafting upon the latter section any provision of the former.

But we are of opinion that the section does not mean literally that the assessor shall assess all the personal property which may happen to be in his township either on the first day of January, or when the assessment is made.

It is not an uncommon thing for persons living in cities to send a horse or a cow to the country to be wintered. It certainly was not the intention of the legislature that such horse or cow should escape taxation for city purposes, if it should be thus temporarily in another township on the first day of January, or when the assessor goes around.

No one would contend that a member of this court, engaged in official duties at Des Moines on the first day of January, or when assessment is made, could be subjected to the heavy local taxes of the city of Des Moines, upon the personal

property which he might have in possession. Yet both these results follow if section 823 of the Code is construed literally, and means what appellant claims. And further, this section is just as positive in its requirement that the assessor shall assess every *person* in his township as that he shall assess all the personal property therein. So that, if the words *in and therein* in point of time refer to the first day of January, or the time when the assessment is made, then every person must be assessed in the township where he may happen to be on the first day of January, or when the assessor comes around. No one, we apprehend, would contend for such a construction. The words therein refer not to the location of the property upon any particular day, but to what may, in view of all the circumstances, be regarded as its most permanent location. A farmer, owning a stock of merchandise in a city, ought not to escape city taxes because he lives in the country. And, upon the other hand, a merchant, owning a farm, ought not to pay city taxes upon his implements of husbandry. As to these extremes there is no difficulty. As we near the line of division, no doubt many cases will be presented, respecting which it will be difficult to determine which side of the line they occupy. The nature of the subject is such that it is not practicable to lay down a general rule which will furnish a safe guide. Every case must be determined upon its facts. It may, however, be safely asserted that property is not taxable where it may be temporarily on the first day of January. We are of opinion that, from the agreed statement of facts, showing that the property in question was in Scott township on the first day of January, 1874, and for a few weeks prior and subsequently thereto, the purpose and intention being that it should remain there for a few weeks, or months, at most, during the feeding season, it is subject to taxation in South township where the owner resides.

AFFIRMED.