WILLIAM REDMOND and others v. COMMISSIONERS OF RUTH-ERFORD.

*Taxation.*

Personal property of a non-resident (here, notes secured by land) held by his agent in this state, is subject to tax here. The legal fiction that it is deemed to follow the person of the owner, has no application to questions of revenue.

(*Alvany* v. *Powell*, 2 Jones Eq., 51, cited and approved.)

MOTION for injunction to restrain defendants from collecting certain taxes, heard at Fall Term, 1881, of RUTHERFORD superior court, before *Avery, J.*

Motion allowed and defendants appealed.

*Mr. M. H. Justice,* for plaintiffs.
*Messrs. W. P. Bynum* and *J. A. Forney,* for defendants.

RUFFIN, J. The plaintiffs are domiciled in the state of New York, but were owners of lands lying in several of the counties of this state, which had been sold by their agent, who keeps an office in the town of Rutherfordton in this state, and had power to sell and execute covenants for title and to collect the money. The covenants to pay the purchase money are solvent only because of the fact that the title to the lands is retained as a security.

These covenants for the purchase money amount to many thousands of dollars, and are all kept in the office of said agent at Rutherfordton; and the single question presented in the record is, whether they are liable to a state, county and corporation tax.

The judge in the court below held them to be exempt, and enjoined the authorities of the county and town from levying and collecting the tax thereon.

The statute providing for the levying and collecting of taxes in this state, after pointing out the several subjects of taxation, directs that "every person required to list property, shall make out and deliver to the township list-taker a statement verified by his oath of all the real and personal property, moneys, credits, investments in bonds, stocks, &c., in his possession or under his control on the first day of June, either as owner or holder thereof, or as parent, husband, guardian, trustee, executor, administrator, receiver, accounting officer, *agent*, factor, or otherwise."

The theory of taxation is, that the right to tax is derived from the protection afforded to the subject upon which it is imposed.

The debts due to the plaintiffs upon their land contracts are personal estate, the same as if they were due upon notes or bonds; and so far as they have any substantial existence, they are in this state and not elsewhere. Their validity and protection, and the remedies for their enforcement, all depend upon the laws of this state, and in neither respect (or in any other that we can now think of) do they take any benefit from the laws of the plaintiffs' domicil. It is but just, therefore, that they should contribute towards the support of the only government which affords them protection, and help to defray the expenses incurred in so doing.

The actual *situs* and control of the property within this state, and the fact that it enjoys the protection of the laws here, are conditions which subject it to taxation here; and the legal fiction, which is sometimes for other purposes indulged, that it is deemed to follow the person of the owner, and to be present at the place of his domicil, has no application. In such case, the maxim *mobilia personam sequuntur* gives way to the other maxim *in fictione juris semper æquitas existat*.

In *Alvany* v. *Powell*, 2 Jones Eq., 51, after stating the proposition that the object of taxation is to support the government

which protects persons and property, and that consequently the burden should be borne by such persons and property as are protected, Chief Justice PEARSON declares that the true principle upon which to determine whether personal property is liable to be taxed, is the *situs* of the property, and that the distinction attempted to be made between that and real estate, depending upon the domicil of the owner, " is based upon a fiction which has no application to questions of revenue."

The leading case upon the point is *Cuttin* v. *Hull*, 21 Vermt., 152, where the facts are, that a party domiciled in the state of New York owned bonds and notes upon parties resident in the state of Vermont, which he had deposited with an agent living in the latter state for management, collection and investment; and the question was whether they were subject to tax. The Vermont statute, very much like ours, provided that property held in trust by an executor, administrator, agent or trustee, should be assessed, &c. On behalf of of the agent it was insisted that personal property, and especially debts due, having no fixed *situs*, follow the person and are to be considered as situate where the owner is domiciled, and hence could not be taxed because he lived out of the state. The supreme court after much consideration, rejected the argument, and referring to the fiction relied on, observed, that " the rule is merely a legal fiction, adopted from considerations of general convenience and policy, and to enable persons to dispose of property at their decease without being embarrassed by their ignorance of the laws of the country where the same is situate. But the doctrine in relation to the *situs* of personal chattels and their transfer and distribution, does not conflict with the actual jurisdiction of the state where it is situate, over it, or with the right to subject it, in common with the other property of the state, to share in the burden of government, by taxation." And it was further said, " that if persons residing abroad bring

their property and invest it in this state, for the purpose of deriving profit from its use and employment here, and thus avail themselves of the benefits and advantages of our laws for the protection of their property, their property should yield its due proportion towards the support of the government which thus protects it."

This decision has been cited in many of the highest courts of the Union, and always with approbation, and though not mentioned by Chief Justice PEARSON, must have been known to him when he wrote the opinion in *Alvany* v. *Powell*, *supra*—judging from the great similarity of thought and expressions to be found in them both.

The principle established has been recognized and acted upon in *People* v. *Gardner*, 51 Barb., 352; *City of Albany* v. *Meekin*, 3 Ind., 481; *Wilkey* v. *City of Pekin*, 19 Ill., 160; *Johnson* v. *City of Lexington*, 14 B. Mon., 648; and *Finley* v. *City of Philadelphia*, 32 Penn., 381; in which last named case the judge, with some apparent feeling, observed: "There is nothing poetical about tax laws. Wherever they find property they claim a contribution for its protection without any special respect for the owner or his occupation."

In *Hoyt* v. *Commissioner of Taxes*, 23 N. Y., 238, and several of the cited cases, the converse proposition was held, and that the personal property of a resident of the state of New York was not subject to be taxed there, if actually situated in another state; and this, though it consisted in part of *choses in action*.

This court therefore is of opinion that the writ restraining the collection of the taxes assessed against the agent of the plaintiffs was improvidently granted, and the order to that effect must be reversed.

Error.                                    Reversed.