APRIL TERM, 1885. 35

Hutchinson v. The Board of Equalization of the City of Oskaloosa.

HUTCHINSON v. THE BOARD OF EQUALIZATION OF THE CITY OF OSKALOOSA.

1. **Practice in Supreme Court**: PARTIES BOUND BY CONCESSIONS IN TRIAL COURT. Appellee, without moving to dismiss the appeal in the court below, proceeded to try it there upon the merits. *Held* that it cannot for the first time in this court be heard to insist that there was no ground on which to sustain the appeal to the circuit court.

2. **Taxation**: BOARD OF EQUALIZATION: ASSESSMENT INCREASED: WANT OF NOTICE CURED BY APPEARANCE. Plaintiff had actual notice of the intention of the defendant board to increase his assessment, and he appeared personally and by counsel and argued the question. *Held* that the action of the board in increasing his assessment was binding on him, though no notice was served on him, or posted, as required by chapter 109, Laws of 1880.

3. ———: ———: ———: RECORD OF ACTION NOT ESSENTIAL. In such a case, the action of the board is not void because no record of its proceedings in that respect is made. The provision of Code, § 829, with regard to the record in such a case is directory merely. Compare *Prouty v. Tallman*, 65 Iowa, 354.

4. ———: OF MONEY LOANED BY AGENT FOR FOREIGN PRINCIPAL: CONSTITUTIONALITY OF CODE, § 817. Section 817 of the Code, providing for the taxation of moneys, credits, etc., held by anyone as agent in this state for pecuniary profit, is not repugnant to § 18, article 1, of the constitution, which provides that private property shall not be taken for public use without just compensation.

5. ———: ———: SITUS OF PROPERTY. Where plaintiff, a resident of this state, had under his exclusive control and management, for investment in the form of loans, money belonging to English capitalists, some of

which was invested in this state and some in Kansas, but the securities were made to him and held by him, in his own name, in this state, he could not defeat the provisions of § 817 of the Code, requiring him to pay taxes on such moneys and credits, by the legal fiction, which obtains for some purposes of the law, that the *situs* of such property is where the owner resides. Such property is in this state, within the meaning and intent of the statute, and is taxable here. See authorities cited.

6. ———: ———: NOT AVOIDED BY VOLUNTARY NOTE TO PRINCIPAL. Nor could the plaintiff in such case avoid liability for such taxes by executing to his principals a voluntary note for the moneys so controlled, where the note was designed solely for the purpose of avoiding taxation, and not to secure any *bona fide* indebtedness.

### *Appeal from Mahaska Circuit Court.*

### WEDNESDAY, APRIL 22.

THE plaintiff appealed to the circuit court from the orders, rulings and assessments made by the defendant in relation to the assessment of the plaintiff, as agent, for the purpose of taxation. He also sued out a writ of *certiorari* from the same court for the purpose of correcting the said assessment. Both cases were heard on the same evidence, and the circuit court affirmed the assessment, and the plaintiff appeals.

*John O. Malcolm* and *John F. Lacey*, for appellant.

*Jas. A. Rice* and *L. C. Blanchard*, for appellee.

ROTHROCK, J.—I. Counsel for the appellant insist that the defendant increased the assessment of the plaintiff's property liable to taxation, and that such act is void for two reasons. The *first* is that the board failed to make any record of its proceedings in this respect, and that the statute (Code, § 829) requires such a record; and, *second*, that no notice was served on the plaintiff, or posted, as required by chapter 109 of the Acts of the Eighteenth General Assembly. McClain's Code, 302. On the other hand, counsel for the appellee insist that the only assessment of the plaintiff's property was made by the assessor, and that the same was not increased by the

board, nor did the plaintiff ask the court to correct the assessment thus made. The defendant, therefore, insists that there was no act of defendant from which the plaintiff could appeal. No motion, however, was made to dismiss the appeal, and the case was tried on its merits in the circuit court. We therefore are not disposed to sustain the technical objection made by the appellee, but determine the case on the merits, although some of the members of the court are of the opinion that, in fact, the defendant did not increase the assessment made by the assessor.

1. PRACTICE in supreme court: parties bound by concession in trial court.

The plaintiff was not served with notice, nor was one posted, as required by law; but the plaintiff was informed by his wife that the board desired him to appear before it, and he did so, and at the request of the board made a written statement in relation to the question whether certain moneys and credits should be assessed to him for the purpose of taxation. He had full knowledge of the object of the board, and at his request counsel appeared for him and made arguments for the purpose of showing that said moneys and credits were not assessable. We think, under these circumstances, that the plaintiff cannot be permitted to say that the assessment is void because he had no notice of the proposed action of the board in the precise form required by law. The only purpose of the notice was accomplished when the appellant voluntarily appeared in person and by counsel. It is true, there is no record showing that the board increased the assessment, or directed it to be made. But, either on his own motion the assessor made the assessment in question, or did so in accordance with the verbal direction of the board. This is the assessment that was in controversy before the board, and from which the appeal was taken, and which the circuit court affirmed. Such an assessment is not absolutely void because the board failed to cause their action to be entered on record. The provision in rela-

2. TAXATION: board of equalization: assessment increased: want of notice cured by appearance.

3. ——: ——: ——: record of action not essential.

tion the record is directory, and the assessment is in writing, and sufficient for all the purposes of this case. *Prouty v. Tallman,* 65 Iowa, 354.

II.   The plaintiff came to Iowa from England in 1875, and became a resident of Mahaska county.   Afterwards, and for a year or more prior to the assessment in question, the plaintiff changed his mode of doing business, and made the loans of said money in his own name, and he collected the interest and principal when they became due, and reloaned the same. The notes and mortgages were in his possession, and he had the exclusive management and control thereof, but he was accountable for his doings to the parties in England.   A portion of the money, at the time of the assessment, was loaned in Kansas in the plaintiff's name.   Such loans were made by his direction, and the loans and the evidences thereof were controlled by him.   It does not appear that there was any understanding between the plaintiff and the parties in England as to how long the arrangement above stated was to continue.   For aught that appears, it could well continue for an indefinite time.   The assessment was made for the year 1882, and is in these words, as appears from the assessor's books: "Hutchinson, Charles, agent for other parties, names not given, moneys and credits, $34,699; total, $34,699."

It is provided by statute that "any person acting as the agent of another, and having in his possession, or under his control or management, any money, notes, credits, or personal property, belonging to such other person, with a view to investing or loaning, or in any other manner using the same for pecuniary profit, shall be required to list the same at the real value, and such agent shall be personally liable for the tax on the same.   *   *   *   *   *" Code, § 817. It is suggested that this statute is in conflict with article 1, § 18, of the constitution, which provides that private property shall not be taken for public use without just compensation. This proposition is not elaborated by counsel, and we deem

4. ———: of money loaned by agent for foreign principal: constitutionality of Code, § 817.

it sufficient to say, inasmuch as the property in question is protected by the laws of the state to the same extent as the property of any other citizen, and as the rate of taxation is the same as that levied on all the citizens resident of the same taxing district, that the plaintiff's property is not appropriated to public use without compensation. It seems to us to be eminently just that the plaintiff, and those for whom he is acting, shall share the burdens incurred in enforcing the laws under and by virtue of which property is protected. But for such protection it may be safely assumed that the property in question never would have been brought within the jurisdiction of the state.

III. The plaintiff has the money in question under his *control* and *management*, and loaned the same for pecuniary profit, and is therefore clearly within the letter and spirit of the statute; and counsel do not claim

situs of property.

otherwise. Their contention is that the statute should not be so construed, for the reason, as we understand, that, whatever may be the rule as to tangible personal property, the *situs* of moneys and credits is where the owner resides; and, as the owners reside in England, such property cannot be taxed here, for the reason that it must be deemed to be in England. It is undoubedly true that for some purposes, to prevent injustice, a legal fiction has been adopted in relation to the *situs* of personal property. But this fiction cannot be permitted to prevail in view of the facts in this case. Nor are we aware of any difference between different species of personal property. The fiction, when allowed to prevail at all, applies alike to all personal property.

The property taxed is in the possession and under the control of the plaintiff. It in fact is in this state, within the meaning and intent of the statute; and can the courts, by the invocation of a fiction, defeat the plain meaning and intent of the general assembly? We think not; for it is the undoubted province of the general assembly to determine what property actually within the state is taxable, and unless the courts can

Hutchinson v. The Board of Equalization of the City of Oskaloosa.

say that the law is unconstitutional, or possibly that it conflicts with some fundamental law that is universally recognized, they are not only powerless, but it is their clear and undoubted duty to enforce the statute. This question was considered in this court in *Hunter v. Board of Supervisors*, 33 Iowa, 376, and has been expressly determined in other states, under similar statutes, in accord with the views above expressed. *People v. Home Ins. Co.*, 29 Cal., 533; *Board of Supervisors v. Davenport*, 40 Ill., 197; *Redmond v. Commissioners*, 87 N. C., 122.

We base our conclusion on the fact that not only is the money loaned and invested in this state, but it is under the exclusive control of the plaintiff, and therefore its *situs* is here, and not in England, where the owner resides. Some question is made as to the amount of the assessment, but, if assessable here at all, we are clearly of the opinion, for several reasons, that the amount is not greater than it should be.

IV. At some time prior to 1882 the plaintiff voluntarily executed his note to the parties in England from whom he

6. ——: ——: not avoided by voluntary note to principal.

obtained the money. This was done for the sole purpose of thereby avoiding taxation. It may be that under the statute it would have this effect, if a *bona fide* indebtedness was thereby created. The plaintiff was a witness in his own behalf, and, without any apparent desire to conceal anything, has undoubtedly stated the whole transaction just as it is, and therefrom the satisfactory conclusion is reached that the execution of the notes did not create any indebtedness, and it was not so understood. The plaintiff did not borrow any money of persons in England, and he was in no manner indebted to them, but simply acted as their agent for a small compensation. He is possessed of ample funds, belonging to his principals, to enable him to pay the taxes assessed on the moneys and credits under his exclusive control.

AFFIRMED.