WILLIAM L. SMITH, Appellant, v. CITY OF MARSHALL-TOWN, Appellee.

Taxation: ERRONEOUS ASSESSMENT: REMEDY. An original action will not lie against a city for the correction of an erroneous assessment of taxes. The remedy in such case is by application to the board of equalization, and if they refuse to grant relief the taxpayer may appeal to the district court.

*Appeal from Marshall District Court.*—HON. JOHN L. STEVENS, Judge.

SATURDAY, OCTOBER 22, 1892.

APPEAL from the action of the district court refusing to annul the plaintiff's assessment. Plaintiff claims that he had no moneys and credits taxable for the year 1890, in the city of Marshalltown; that his moneys and credits were taxable in State Center, and were assessed there for the year 1890; that he was assessed with a piano in said city of Marshalltown for the year 1890. He avers that he had no piano at all, and that he was erroneously assessed in said city thereon, as well as on three thousand dollars in moneys and credits. He says that on May 12, 1890, he applied to the city council of the city of Marshalltown, sitting and acting as a board of equalization, to annul and vacate the assessment of moneys and credits and piano to the plaintiff, which the said council refused to do; that on the fourth day of June, 1890, he caused a notice of appeal to be served on the city of Marshalltown. The defendant admitted that the plaintiff was a resident of Marshalltown, and that he was assessed for the year 1890 the sum of three thousand dollars on moneys and credits, and for one piano in the sum

of one hundred dollars; that said amounts were returned voluntarily by the plaintiff to the assessor of the city of Marshalltown, to be assessed to him that year; that the plaintiff is the owner of moneys and credits in excess of the proportionate amount assessed to him; that he is assessed in the township of State Center in the sum of one thousand dollars only for moneys and credits, but for no part of the moneys and credits assessed to him in the city of Marshalltown. It denies all allegations of the petition not herein expressly admitted. The plaintiff, replying, denies that he voluntarily returned the sums assessed to him; denies that he owns moneys and credits of the proportionate amount assessed to him; denies that he is the owner of moneys and credits which are assessable in the city of Marshalltown.—*Affirmed.*

*James Allison* and *Casnell & Meeker*, for appellant.

*B. F. Cummings*, for appellee.

KINNE, J. We need not consider the merits of this case. If the plaintiff was erroneously assessed, his remedy was to appear before the board of equalization of the city of Marshalltown, and have the same corrected, and, if they refused he might appeal to the district court. Code, section 831; *Macklot v. City of Davenport*, 17 Iowa, 379; *Buell v. Schaale*, 39 Iowa, 293; *Meyer v. Dubuque Co.*, 43 Iowa, 592; *Nugent v. Bates*, 51 Iowa, 77; *Harris v. Freemont Co.*, 63 Iowa, 640. He was a resident of the city of Marshalltown, and his property, if any therein, was liable to taxation. His duty was to seek the correction of the erroneous assessment before the city council sitting as a board of equalization, and until he did so he could have no standing in the district court. He does not claim to have said anything to the board about his assessment, but says he spoke to Dr. Waters, one of

the members of the board, on the street while the board were in session, and that he followed the doctor up into the rooms, and sat down. The testimony of Dr. Waters is that the plaintiff never spoke to him at all till after the report of the committee on raising and lowering assessments had been made and adopted by the council; he also testifies that the plaintiff was never before the council or its committee on equalization of taxes. Other persons who were present at the sitting of the council corroborate Dr. Waters' testimony that the plaintiff never appeared before it. The preponderance of the evidence is against the plaintiff's claim that he appeared before the council. As he made no complaint to the board of equalization he could not be heard in the district court, and his claim was properly denied. AFFIRMED.