L. H. BURNS AND C. F. WEBSTER, Executors, etc., v. M. L. MCNALLY, Mayor, E. C. FARRINGTON *et al.*, Appellants.

Taxation: Locus of Personalty. Where part of mortgages and moneys is in the possession of each of two executors residing in different townships of one county, the part held by each should be assessed where the executor having it lives, though the decedent lived in the township of the other executor. Code, 803, 805, 817 and 822, construed. But this is not necessarily so where personal property in the possession of an executor residing in a given township, has a fixed location in another; neither does it follow from the mere fact that personal property is in a given taxation district at the time when an assessment is required to be made that it must be assessed in that district. *Smith v. City*, 86 Iowa, 516; *Meyer v. The County*, 43 Iowa, 592; *Ament v. Humphrey*, 3 G. Gr. 225; *Lemp v. Hastings*, 4 G. Gr. 448, and *Hunter v. The Board*, 33 Iowa, 376, *distinguished*. *McGregor v. Vaupel*, 24 Iowa, 439, *criticised*. *Cameron v. The City*, 56 Iowa, 322, *approved*. (3)

Board of Equalization: Appeal. Appearance by one aggrieved and an informal statement that his property has been assessed in another township and that he does not want to pay taxes in both places, gives a right to appeal which the board can not defeat by inaction or failure to record. Code 829, 830 and 831. (2)

*Appeal from Howard District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, FEBRUARY 7, 1894.

APPEAL from the judgment of the district court reducing the amount of plaintiff's assessment on moneys and credits.—*Affirmed.*

*H. T. Reed* for appellants.

*John McCook* for appellees.

KINNE, J.—I. The material facts in this contro-
versy are: That plaintiffs are the executors of the last
will of one J. S. Hastings, deceased, who at the time
of his death, and for many years prior thereto had
been, a resident of the incorporated town of Lime
Springs Station, in Howard county, Iowa. Defendants
are the mayor, assessor and trustees of said town and
the auditor of the county. In 1892 the assessor of said
town assessed the estate of said Hastings with five
thousand dollars, moneys and credits for that year.
Plaintiffs claim said estate had no moneys and credits
that year which were assessable in that town. That
they appeared before the equalization board to have
said assessment canceled, but said board refused to do
so, and returned the assessor's books to the county
auditor with said assessment unchanged. Plaintiff
Burns is a resident of said incorporated town. Plain-
tiff Webster is a resident of Cresco, in the same county.
Plaintiffs, as the executors of said estate, were on Jan-
uary 1, 1892, and ever since have been the joint
possessors of moneys and credits of said estate in the
sum of about fifteen thousand dollars. That the incor-
porated towns of Lime Springs Station and Cresco are
separate assessment districts in Howard county. That
the classification of this kind of property by the board
of supervisors of said county for 1892 was on the basis
of one third of its value. That most of the funds of
said estate consisted of notes and mortgages for money
which had been loaned out by Hastings in his lifetime,
and by his executors under his will, and by order of
court; and all such notes and mortgages were, on and
prior to January 1, 1892, kept at Cresco, under the
immediate control of said Webster, one of the execu-
tors. That at the same time there was about one
thousand, one hundred dollars in money belonging to
said estate on deposit in a bank at Cresco in the name

of said executors. That Burns had in his possession at Lime Springs Station about one hundred and fifty dollars belonging to said estate. That said one thousand, one hundred dollars, and said notes and mortgages, while under the control of both executors, had been taken to Cresco, because Webster, by agreement between him and Burns, was to look after the investment of the funds belonging to the estate, and Burns was to have charge of the real estate of the deceased. That the assessment of five thousand dollars on the estate's moneys and credits was made by the assessor of Lime Springs Station without the knowledge or consent of the executors. That the same estate was assessed for the same year, in the same amount, on the same moneys and credits, in the town of Cresco, except the one hundred and fifty dollars which was in Burns' hands at Lime Springs Station. On appeal to the district court defendants moved to dismiss the appeal, claiming that plaintiffs never appeared before the board of equalization of Lime Springs Station to object to the assessment, and that the board never acted on said assessment, and there was nothing to appeal from. The motion was overruled, and the court ordered the assessment reduced to fifty dollars. From this action of the court the appeal is prosecuted.

II. There is but one question of fact in this case upon which the parties are not agreed. It is contended by plaintiffs that they appeared before the board of equalization of the incorporated town of Lime Springs Station at the proper time, and objected to the assessment. Defendants deny that any sufficient objection was ever made. As the right of appeal to the district court is obtained only by an appearance before the board of equalization, and the making of proper objections to the assessment, it is necessary to determine the question thus presented. The statute provides: "The township trustees shall constitute a board of equaliza-

tion for their respective townships and have power to equalize the assessments of all taxpayers within the same, except in such cities and incorporated towns as ·elect a township assessor, in which case the city council shall be the board of equalization, and shall perform such duties in substantially the same manner as is required of a township board of equalization, by increasing or diminishing the valuation of any piece of property, or the entire assessment of any taxpayer, as they may deem just and necessary for an equitable distribution of the burden of taxation upon all the property of the township: provided that such boards shall keep a record of their proceedings." Code, section 829. "Any person who may feel aggrieved at anything in the assessment of his property, may appear before said board of equalization in person, or by agent, at time and place mentioned in the preceding section and have the same corrected in such manner as to said board may seem just and equitable, and the assessors shall meet with said board and correct the assessment books as they may direct. Appeals may be taken from all boards of equalization to the district court of the county wherein the assessment is made, within sixty days after the adjournment of such board of equalization, but not afterward." Id., section 831. Plaintiff Burns testified that he went before the board of equalization at their meeting in April. That they asked him what he was going to do about the assessment. He told them he did not know; that it had been assessed in Cresco. That they asked him what it was put in at there, and he told them five thousand dollars. They said they would put it in, and said something about letting the board of supervisors settle it.

"Q. You objected to the assessment as they had it at that time? A. I told them I had been assessed in Cresco, and I supposed that was objection enough.

I didn't get up and kick any about it, but told them I
didn't want to pay taxes in two places."

McNally, for defendants, testified: That Burns
came before the equalization board. That the board
took no action on the matter. That Burns said he
understood they had assessed it in Cresco, but he didn't
object to our putting it in, because he thought the board
of supervisors would attend to it, so it wouldn't be
assessed in two places. He did not ask that the assess-
ment be revised or modified. That the board of equal-
ization knew it was assessed at Cresco, and it would be
a double assessment. We supposed the board of super-
visors would act on it. It seemed to be the opinion
that the board of supervisors were the proper parties to
act on it. Our board thought so. The foregoing is
the substance of the testimony touching the acts of
plaintiffs before the board of equalization.

It will be observed that the law does not limit the
right of appeal in such cases from a judgment or order
of the board. Nor does it require any particular form
of objection to be made by the aggrieved party. He
must appear, and if, when he so appears before the
board of equalization, he in any form makes his griev-
ance known to the board, it is sufficient to give him his
right to appeal from its action if it be unfavorable to
him. If his grievance is understood by the board, it
matters not as to the manner in which he presents his
case. The board is not a court. The statute requires
no pleadings or papers to be filed presenting his objection
to the assessment. The proceedings are intended to be,
and are, in fact, informal. The statute is intended to
afford to an aggrieved taxpayer an opportunity to ask
and have a correction of an assessment, and no formal-
ities are required as to the manner of bringing the mat-
ter before the board. He expressly informed the board
that the same property had already been assessed at
Cresco; that he did not want to pay taxes twice on the

same property. This was well understood by the board, and was a sufficient presentation of his grievance. With these facts before them, it became their duty to act in the matter. It was not plaintiffs' fault if the board neglected to make a record of their application, nor could they, by neglecting to act after the matter had been properly called to their attention, deprive plaintiffs of their right to appeal. Plaintiffs had done all that the law required, they had appeared, had made their grievance known to the board, and they could not be robbed of their right to appeal by a failure of the board to act as the law requires. Their failure to act was, in law, a refusal to grant plaintiffs' request, from which an appeal will lie.

Counsel for appellants rely upon several cases decided by this court. They will be found unlike the case at bar. In *Smith v. City of Marshalltown*, 86 Iowa, 516, 53 N. W. Rep. 286, plaintiff never appeared before the board. In *Meyer v. Dubuque Co.*, 43 Iowa, 592, plaintiff sought by *mandamus* to compel the board of supervisors to cancel his assessment. The board of equalization had refused so to do. It was held the writ should not issue, as the board had already acted upon the assessment. See *Davis v. City of Clinton*, 55 Iowa, 549, 8 N. W. Rep. 423; *Hutchinson v. Board*, 66 Iowa, 35, 23 N. W. Rep. 249. The court below properly overruled the motion to dismiss the appeal.

III. The principal question is, where should the moneys and credits of the estate of Hastings be assessed, in view of the facts we have heretofore stated? It may aid us in determining this question to briefly set forth the substance of the statutory provisions applicable to the listing of such property, and also relating to the duty of the assessor, and the one having such property in his possession. Code, section 803, provides that one who is the owner, or who has the control or management, of property, shall assist the assessor in listing the

same; also that the personal property of a decedent shall be returned by the executor. *Id.*, section 805, provides that "any person required to list property belonging to another shall list it in the same county in which he would be required to do if it were his own, except as herein otherwise directed, * * * giving the assessor the name of the person or estate to whom it belongs." Section 817 requires one acting as an agent, and having in his possession or under his control personal property, to return the same for taxation. Section 822 requires every person who is compelled by law to list property belonging to another to assist the assessor in making the assessment. Section 823 provides that "the assessor shall list every person in his township, and assess all the property, personal and real, therein, except such as is heretofore specifically exempted," and fixes a penalty for refusing to assist in listing property, as well as for refusing to take the prescribed oath. In *McGregor's Ex'rs v. Vanpel*, 24 Iowa, 439, sections 714 and 716 of the Revision were construed. These sections are in substance the same as Code, sections 803, 805. It was therein held that where the executor resided in a county other than that in which the decedent died, and in which administration was granted, that personal property of the decedent should, as a rule, be assessed in the county of which decedent died a resident.

The decision is based upon the thought that the executors represent the decedent. In *Cameron v. City of Burlington*, 56 Iowa, 322, 9 N. W. Rep. 239, the decedent died a resident of the city of Burlington. Plaintiff, a resident of another township in the same county, was appointed administrator of his estate, and had in his possession certain notes of the estate. These notes were assessed in both the township where the administrator resided and also in the city of Burlington. In construing the sections of the Code which we have referred to, the court said: "The property which he

is required by law to assist in listing, as distinguished from his own, includes personal property which he holds in a fiduciary capacity as executor or trustee. It seems to us clear that the statute was designed to provide that the assessor of each township may demand of every executor residing in the township a list of the personal property held by him as executor in the township, under penalty of a fine. To say that this is not so except when the deceased died in the township is to impose a qualification upon the statute by judicial construction for which we find no warrant. It is manifest that the important consideration is not so much the comparative rights of the different townships as the certainty that all property shall be taxed once, and only once. To secure this certainty we must presume was the object of the statute. But this can not be secured under the rule contended for by appellees, unless assessors are to be sent into foreign townships in search of taxpayers and property." The court then considers the rule in *McGregor's Ex'rs v. Vanpel*, above cited, and, while not expressly overruling that case, refuses to apply the rule therein laid down, and holds that the property should be assessed in the township where the administrator resides. Other cases are cited by counsel, but these two are chiefly relied upon by the respective parties to the suit. It will be seen that the facts in the case at bar are in some respects different from those in either of the cited cases. Here we have two executors, each having possession of some of the personal property of the estate,—though the one in Cresco has most of it,—and each residing in different taxing districts. The circumstances surrounding the situation, location, and use of the personal property left by a decedent, are so different in each case presented that it is difficult, if not impossible, to lay down an inflexible rule, alike applicable to all cases. We think, however, that the true rule in a case like that at bar,

where there are two executors, both having actual possession of personal property of the decedent, and both residing in the same county, but in different taxing districts, is that each should return to the assessor of his township for taxation such personal property of the decedent as may be in his immediate possession in his township. This would seem to be in compliance with the statute, which contemplates that any person having possession of personal property of another shall list it at the place in which he would be required to do if it were his own. Code, section 805. We do not mean to be understood as holding that personal property which, though in possession of an executor of a decedent, has a fixed and abiding place or location in another township than that of the executor's residence, would necessarily be taxable in the township of the executor's residence. To illustrate: Suppose a man should die, leaving a large amount of personal property in the township of A., and an executor is appointed, who also lives in that township; and suppose decedent also left personal property consisting of a stock of goods in the township of B., where he had carried on business,—in such a case it could not be said that, because the executor lived in the township of A., therefore the stock of goods which had been habitually used for the purpose of merchandising in B. should be assessed in the township of the executor's residence.

Counsel for appellants also rely upon *Ament v. Humphrey*, 3 G. Greene, 255, and *Lemp v. Hastings*, 4 G. Greene, 448. The first of these cases was decided under a statute materially different from that now in force, and the case was one wherein a merchant residing in one assessment district carried on a business with a stock of goods in another taxing district. It was sought to assess his stock of goods in the district of his residence, which the court held could not be done under the statute. The *Lemp case* was similar

in its facts, and was decided under the Code of 1851.
If it be conceded that the statute of 1851 is substan-
tially like that now in force, our holding is not in
conflict with the *Lemp case.* That was a case where
the party in a taxing district other than that in which
he resided carried on a merchandising business. The
property was located in the other township. It was
its fixed and abiding place, necessarily so, for the
purpose for which it was used. We do not doubt that
in such a case the goods would, under our present law,
be held taxable in the taxing district where they were
situated. The case in its facts is not like that at bar.
Nor does our opinion conflict with the holding in
*Hunter v. Board,* 33 Iowa, 376. In that case the owner
of the property (notes) resided in this state. The
notes were left in Illinois for safe-keeping. It was
held that the money due on the notes was what was
assessed, that the notes were but evidences of the debt,
that the debt vested in the owner wherever he resided.
The legal title in the case at bar to the personal property
when the assessment was made was in the executors.
They alone (subject to the order of the court) had
power to collect and control it. We do not hold that
the mere fact that personal property is in a certain
taxing district at the time an assessment is required to
be made, of itself, without more, determines that it
must be assessed in that district. What we do hold is
that in a case like that at bar personal property in
possession of an executor in the township of his resi-
dence is taxable there. Therefore the decision of the
district court was right in assessing to plaintiff Burns,
as executor, in the incorporated town of Lime Springs
Station, the personal property actually in his posses-
sion in that town. The balance of the personal property
being in possession of the other executor in Cresco,
and, it being the place of his residence, it was properly
assessed there. It is possible that any rule which

might be established in cases of this character would not always effectuate justice, but the one we have announced accords with our view of the meaning of the statute, and it is by this we must be guided. The judgment of the district court is AFFIRMED.