R. W. HINKHOUSE, Guardian, Etc., Appellant, v. THE TOWN OF WILTON.

**Taxation:** GUARDIAN AND WARD. The personal property of a ward is assessable in the county where the guardian lives, only.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

· FRIDAY, APRIL 5, 1895.

R. W. Hinkhouse, guardian, appealed from the action of the board of equalization of the town of Wilton in refusing to equalize or cancel an assessment upon personal property belonging to his ward. From an order overruling his demurrer to defendant's answer plaintiff appeals.—*Reversed.*

*Wheeler & Moffitt* for appellant.

No appearance for appellee.

Kinne, J.—This case involves less than one hundred dollars. The facts set forth in the certificate of the judge are that "plaintiff, R. W. Hinkhouse, is now, and for a great many years last past has been, a resident of Cedar county, Iowa. On or about November 18, 1892, plaintiff was by the district court of Cedar county, Iowa, appointed guardian of Catherine Miller, a person of unsound mind, and at once qualified and entered upon his duties. The assessor of defendant, an incorporated town, in Muscatine county, Iowa, assessed plaintiff with the sum of one thousand dollars in moneys and credits as belonging to his ward. Plaintiff, by his attorneys, at the proper time, appeared before the board of equalization of the defendant, and made objection to said assessment, on the ground that said assessment was in the wrong county, illegal, and a double assessment. From the board of equalization's refusal to equalize or cancel said assessment, this plaintiff appealed. A demurrer filed by plaintiff admits the allegation of defendant's answer that at the time of the plaintiff's appointment, said Catherine Miller was a legal resident of Muscatine county, Iowa."

The question we are called upon to decide is: "Are moneys and credits belonging to a ward residing in Wilton, Muscatine county, Iowa, which are under the control and custody of a guardian, who is a resident of Cedar county, Iowa, assessable in Muscatine county, Iowa?" Our statute provides that "any person required to list property belonging to another shall list it in the same county in which he would be required to if it were his own, except as herein otherwise directed, but he shall list it separately from his own, giving the assessor the name of the person or estate to whom it belongs." Code, section 805. Another section provides that one having the control or management of

property shall assist the assessor in listing the same. Id. section 803. The question here presented has so recently been passed upon by this court that there is no necessity for again reviewing the authorities. We held in *Burns v. McNally*, 90 Iowa, 432, that "personal property in the possession of an executor in the township of his residence is taxable there." The same rule applies to cases where the guardian lives in one county, and his ward has a legal residence in another. In such a case the moneys and credits of the ward are assessable in the county where the guardian resides, and not elsewhere. The question must be answered in the negative. The demurrer should have been sustained. See *Burns v. McNally, supra.—Reversed.*