## S. FENNELL, Appellant, v. O. B. PAULEY *et al.*

**Taxation:** CATTLE—NON-RESIDENT OWNER. Code 1873, section 812, provides that all personal property shall be taxed in the name of the owner on the first day of January, section 801 declares that cattle are subject to taxation, and section 817 requires personal property in the hands of an agent to be listed by the assessor. *Held,* that cattle brought into the state in December for feeding purposes, and kept there till the April following, are taxable within the state, though owned by a non-resident.

*Appeal from Fremont District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, OCTOBER 9, 1900.

THIS is an appeal from the action of a board of equalization which refused to cancel an assessment made against property belonging to plaintiff on January 1, 1896. The district court affirmed the action of the board, and the case comes to us directly from that tribunal. Plaintiff is, of course, the appellant.—*Affirmed.*

*Hammond & Stevens* and *W. E. Mitchell* for appellant.

No appearance for appellee.

WATERMAN, J.—In the years 1895-96 plaintiff was a resident of the state of Missouri. In December, 1895, he brought into Fremont county, in this state, 202 head of cattle for feeding purposes, and kept them upon land owned by him. In April, 1896, the cattle were taken back to the state of Missouri. Plaintiff claims that these cattle were assessed to him in the state of Missouri, and the tax there paid by him. But we think the court may well have found from the evidence that this was not the fact; that these particular cattle were never assessed anywhere save in this state. The contention is that this property, belonging to a nonresident and being only temporarily in this state, was not taxable here. Section 812, Code 1873, provides that all personal property shall be taxed in the name of the owner on the first day of January. That property of this nature is taxable is fixed by sections 797-801; and section 817 requires personal property in the hands of an agent to be listed by the assessor. Section 823 requires the assessor to return all personal property found in his township. We understand that property in transit through the state cannot be taxed here, nor can such as belongs to a nonresident, which is here only as an incident

of its transfer elsewhere. To give the right to assess the personal property of a non-resident, found within this state, it must be located here with something like permanency, or for some purpose other than merely aiding its transit. The general rule is that personalty is taxed where the owner resides. *Ament v. Humphrey,* 3 G. Greene, 255; *Rhyno v. Madison County,* 43 Iowa, 632. But to this general rule there are exceptions. Money in the hands of an agent in this state for investment here is taxable in this jurisdiction. *Hutchinson v. Board,* 66 Iowa, 35. Certainly it can make no difference that it is in possession of the owner instead of an agent. These cattle were here to be fed, in order to increase their weight and value for market. In this case there was something more than a temporary stoppage of the cattle here. In principle, it was the same as the investment of money in this state, and we cannot see why they should not be taxed here. While the statutes of Michigan differ somewhat in terms from ours, we regard the reasoning in *Maurer v. Cliff,* 94 Mich., 194 (53 N. W. Rep. 1055), as supporting our conclusion. Some corn bought for feeding purposes was also assessed, and is involved in this appeal, but, as that branch of the case is not argued, we give it no further attention.—AFFIRMED.

GRANGER, C. J., not sitting.