HEINZ AND FISHER, Appellants, v. BOARD OF EQUALIZATION OF THE CITY OF DAVENPORT, IOWA, Appellee.

121   445
138   590

**Taxation:** SECURITIES OF NON-RESIDENT: LIABILITY OF RESIDENT
1  AGENT FOR TAX.  Where residents of this state negotiate loans taking notes and mortgages as security therefor and sell and assign the same to a non resident, retaining, however, possession and control under an agreement to collect interest, pay taxes, etc. for a portion of the interest, such securities are taxable under Code section 1320, and the one having charge thereof is personally liable for the payment of the tax.

**Taxation:** LEGAL SITUS OF PROPERTY.  It is competent for the
2  General Assembly to declare the actual situs of property within this state, though owned by a non-resident, to be its legal situs for the purpose of taxation.

**Liability of Agent:** CONSTITUTIONALITY OF LAW.  Code sction 1320,
3  which makes an agent in the possession of securities of a non-resident personally liable for the tax, is not unconstitutional as depriving the agent of property without due process of law or as denying him the equal protection of the law.

*Appeal from Scott District Court.*—HON. JAMES W. BOLLINGER, Judge.

WEDNESDAY, OCTOBER 21, 1903.

APPEAL from a judgment of the district court confirming the assessment for taxation of certain moneys and credits in the hands of the plaintiffs.—*Affirmed.*

*Heinz & Fisher* for appellants.

*Henry Thuenen, Jr.,* for appellee.

WEAVER, J.—This case is, to a large extent, governed by the decision in *German Trust Co. v. Board of Equali-*

*zation*, 121 Iowa, 325.   As in that case, plaintiffs carry on a business of making loans of money in their own names, and assigning the securities thus obtained to their customers, reserving to themselves a fraction of the interest earnings as their own measure of compensation or profit.    Certain securities thus taken by them were assigned, with the reservation mentioned, to one Helen G. Renwick, who at the date of this assignment was a resident of California. Said securities were left in the possession of plaintiffs under some agreement, the details of which are not entirely clear.    Plaintiffs testified that they held them as a matter of "accommodation" to Mrs. Renwick.    It appears, however, that the loans are made payable at the office of plaintiffs, who say they reserved the one-half of one per cent. interest on the principal sum "for their trouble."   They collected principal and interest as the same became due, retaining for themselves their share of the earnings.   The principal was sometimes sent to her, and sometimes reloaned, as she might elect.   The insurance upon property covered by the mortgages was looked after and kept in force, and accruing tax liens, if any, were removed, by plaintiffs.   In short, except in the absence of power to sell or cancel the securities, plaintiffs evidently were empowered and expected to do all the owner could herself have done in the keeping possession and control of the same, and the possession so held and the control so exercised were for the mutual profit and advantage of both parties to these transactions. It must also be remembered that, by reserving a part interest in the securities, appellants were co-owners with Mrs. Renwick, and as such, in the absence of any agreement to the contrary, had the legal right to their possession and control—a right which they appear to have exercised without interference or restraint on her part.   Such being the case, we are constrained to hold, as in *German*

2. SECURITIES of non-resident: liability of resident agent for tax.

*Trust Co. v. Board, supra,* that these moneys and credits are taxable under the provisions of Code, section 1320, and that the assessment to plaintiffs, as the resident agents in possession of the property of a non-resident principal, was right.

II.   Appellants, in argument, contend that the statute is not to be construed as intending to make taxable any property whose legal situs is not in this state.   If that proposition be conceded, we have still to in-

2. TAXATION:  quire, where is the legal situs of the property
legal situs.

here in question?   If A, a resident of Illinois, has a thous-and dollars in money deposited in an Iowa bank, or a thousand bushels of grain in an Iowa granary, the actual situs of the property in both cases is in this state; and it is no undue stretch of power for our legislature to provide that the actual situs of the money as well as of the grain shall be its legal situs for the purposes of taxation.   And this we understand to be the effect of the statute.   The proposition that, although the actual physical prop-erty be in one state, its "legal situs" may be in another state, is a legal fiction, which, whatever effect we might be disposed to give it in the absence of legislative enactment, cannot be permitted to control the effect of an express statute.   *Hutchinson v. Board,* 66 Iowa, 39.   As said in the cited case, "It is the undoubted province of the General Assembly to determine what property actu-ally within the state is taxable"; and even if the non-res-ident owner of property made taxable here finds himself taxed in the state of his residence on the theory that situs of his moneys and credits follows his person, that fact may prove him the victim of misfortune or hardship, but does not in any manner negative the power of this state over property actually within its jurisdiction, nor does it prove the tax invalid.

III.   As was urged by the agent in the *German Trust Co. Case, supra,* it is here insisted that the statute as

construed by us is unconstitutional, as depriving the agent of his property without due process of law, and denying him the equal protection of the law. It is needless for us to cite authorities that taxation levied and enforced in the ordinary manner is due process of law, in the constitutional sense of the term. There is nothing in this statute to except it from the operation of that principle. The agent who takes the moneys and credits of a non-resident principal into his possession and control for the purpose of profit to either or both of said parties does it with full knowledge and notice that for the purposes of taxation the law looks to him (the only interested party in its jurisdiction) as the owner, and he is not wronged when the tax is assessed against him. Counsel say he has no recourse against his principal. This conclusion does not necessarily follow from the premises, and, if it did, the liability is one which he voluntarily assumes, and he must be presumed to have accepted the property with all the burdens which the law has attached to such transaction. The distinction between the possession of securities as held by appellants in this case, and the possession held by an ordinary agent or attorney for mere purposes of collection, is too clear to require discussion. These matters have already been treated by us in the case above referred to, and it is unnecessary for us to repeat or extend the argument there employed.

3. LIABILITY of agent: constitutionalty of law.

The judgment of the district court is AFFIRMED.